**Wallace C. BRATTRUD, Appellant,**

v.

**TOWN OF EXLINE, an Iowa Municipality in Appanoose County, Eugene Albright, Individually and as Mayor of the Town of Exline, Appanoose County, Iowa, Appellees.**

**No. 80–1161.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 18, 1980.

Decided Aug. 25, 1980.

---

Sidney E. Drake, Centerville, Iowa, for appellees.

Before LAY, Chief Judge, and HEANEY and ARNOLD, Circuit Judges.

PER CURIAM.

This appeal arises from a dispute over the alleged destruction by the Town of Exline, an Iowa municipality, of a building owned by appellant Wallace C. Brattrud. The pleadings disclose that the Town of Exline had informed Brattrud some months earlier that his building, which had previously been used as a warehouse, was at that time vacant and in disrepair and constituted a dangerous nuisance in violation of a local ordinance. Brattrud was ordered to repair the building or tear it down. Brattrud maintains that an oral agreement was reached between himself and the Town of Exline giving Brattrud until November 10, 1976 to begin repairs. It is alleged that the Town of Exline had the building destroyed November 8, 1976, contrary to that agreement. Brattrud brought suit against the Town of Exline seeking compensatory and punitive damages for the taking of his property. At trial the jury returned a verdict for Brattrud, awarding him compensatory damages of $1. Brattrud has appealed.

On appeal Brattrud basically challenges the verdict as contrary to the evidence on the valuation of his building and his ensuing damages; Brattrud also urges that the testimony of the town's expert witness regarding the value of the property in question was inadmissible for lack of proper foundation.

On appeal Brattrud seeks a review of the district court's holding but fails to provide a transcript of the record as required by F.R. A.P. Rule 10(b). That rule provides in relevant part:

If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.

In the event that a complete transcript of the proceedings is unavailable F.R. A.P. Rule 10(c) provides for acceptable alternatives. It is the responsibility of the party appealing from a finding or conclusion to see that the transcript or an appropriate substitute is included in the record on appeal. *See, e. g., Sanabria v. Int'l Longshoremen's Ass'n Local 1575,* 597 F.2d 312 (1st Cir. 1979); *Rivera Morales v. Benitez de Rexach,* 541 F.2d 882 (1st Cir. 1976); *Wisconsin Barge Line, Inc. v. Coastal Marine Transport, Inc.,* 414 F.2d 872 (5th Cir. 1969). The pleadings included in the record on appeal fail to provide any record required for a meaningful review. This court cannot rule on the issues raised here without a complete transcript of the proceedings. In the absence of a proper record which includes the transcript of testimony, we have no alternative but to dismiss the appeal pursuant to Eighth Circuit Rule 13, for failure to comply with the Federal Rules of Appellate Procedure.

It is so ordered.