Geneva CARTER and John W. Carter, Appellants,

v.

Gary JACOBSEN; Charles Quaethem; Thomas Klekamp; David Barron, Appellees.

No. 84–1239.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 26, 1984.

Decided Nov. 20, 1984.

Geneva Carter and John W. Carter, pro-se appellants.

Robert D. Arb, St. Louis, Mo., of the law firm of Evans & Dixon, St. Louis, Mo., for appellees.

---

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Geneva Carter and John Carter, mother and son, appeal pro se from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict in favor of St. Louis County police officers Gary Jacobsen, David Barron, Charles Quaethem, and Thomas Klekamp. Appellants alleged in their complaint, brought under 42 U.S.C. § 1983, that appellees violated their constitutional rights by conducting an unlawful search of their home under threat of force. For reversal appellants argue that the jury verdict was not supported by the evidence and that the district court erred in admitting certain irrelevant evidence. For the reasons discussed below, we affirm the judgment of the district court.

On January 25, 1980, appellees learned from an informant that someone named Rodney Carter was dismantling a stolen automobile at a Lurch Street address. When appellees arrived at the Lurch Street address, they found in a detached garage an automobile in the process of being dismantled. Another police officer at the scene informed appellees that he had seen Rodney Carter jump over the fence and run down the street toward his mother's house. Appellant Geneva Carter is Rodney Carter's mother; appellant John Carter is Rodney Carter's brother. The officer pointed out appellants' house to appellees. Appellees went to the house, identified themselves as police officers, and requested permission to enter the house to look for Rodney Carter. According to appellees, appellant Geneva Carter consented to the search of the house. Appellees then entered the house and discovered appellant John Carter lying on a bed in one of the bedrooms. Appellees did not know at that time that the individual they had discovered was not Rodney Carter; they asked appellant John Carter to stand up and wait until another

police officer could make an identification. After several minutes another police officer identified appellant John Carter as Rodney Carter's brother.

At trial there was conflicting evidence about whether appellees used threats to obtain appellant Geneva Carter's consent to search, how long appellees remained inside the home, how long appellant John Carter was told to remain standing and to wait for the identification (there was evidence that John Carter had been sick at the time of the search), and whether appellees displayed and pointed their weapons at appellants during the search. The jury returned a verdict in favor of appellees. Appellants did not file a motion for directed verdict or for judgment notwithstanding the verdict. The district court entered judgment in favor of appellees. This appeal followed.

■ Appellants first argue that the jury verdict is not supported by the evidence. When a party has failed to file a motion for directed verdict or for judgment notwithstanding the verdict, the sufficiency of the evidence supporting the verdict will not be reviewed on appeal except on a plain error basis. *E.g., Shell v. Missouri Pacific R.R.*, 684 F.2d 537, 540 (8th Cir.1982). No trial transcript was filed in this case. However, we have carefully examined the original file of the district court and briefs filed by the parties on appeal in this case and find no plain error. There was conflicting testimony on every material factual issue. It is the province and responsibility of the jury to resolve all conflicts in the testimony. *See Lavender v. Kurn*, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946); *Linn v. Garcia*, 531 F.2d 855, 860 (8th Cir.1976).

■ Appellants also argue that the district court erred in admitting certain evidence over their objection. Appellants did not include a trial transcript in the record pursuant to Fed.R.App.R. 10(b). We are unable to review this point. *See Brattrud*

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

*v. Town of Exline,* 628 F.2d 1098, 1099 (8th Cir.1980) (per curiam).

Accordingly, the judgment of the district court is affirmed.