**Robert BURULL and Jeanne Burull, Appellants,**

v.

**FIRST NATIONAL BANK OF MINNEAPOLIS, Appellee.**

No. 86-5333.

United States Court of Appeals, Eighth Circuit.

Submitted April 6, 1987.

Decided April 27, 1987.

Karla R. Wahl, Minneapolis, Minn., for appellants.

Jeffrey L. Sikkema, Minneapolis, Minn., for appellee.

Before ROSS, ARNOLD and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

This case from the District of Minnesota [1] arises out of the demise of United States Satellite Services, Inc. (USSS), a company founded by the plaintiffs, Robert and Jeanne Burull. In May 1983, the Burulls sold 50 per cent. of USSS's voting stock to Barbara Adams for $175,000. That same month, USSS entered into a Credit Agreement with defendant First National Bank of Minneapolis (the Bank), which contemplated loans to USSS of up to a total of $475,000, the precise amount lent to be in the Bank's discretion. Security for the financing included, in addition to USSS's assets, personal guaranties by the Burulls and Adams, and pledges of both the Burulls' and Adams's stock in USSS.

By August 22, 1983, the Bank had disbursed $427,543.86 in loans evidenced by nine separate promissory notes, each of which, in accord with the Credit Agreement, recited that it was payable on demand "at any time, with or without cause." The Bank then refused requests that the final $47,500 available under the Credit Agreement be advanced, and instead, on October 20, 1983, called the loans due. The Burulls sought to stave off or avoid the call of the loans by filing a bankruptcy petition for USSS.[2] Consequently, unable to foreclose on USSS's assets, the Bank instead foreclosed upon the Burulls' and Adams's USSS stock. The Burulls then filed this suit, but were unable to obtain a temporary restraining order to block the foreclosure sale of the USSS stock; at the sale, Adams purchased the USSS stock.

The Burulls' suit named Adams, her husband Stephen Adams, the Bank, and the accounting firm Arthur Young & Co. as defendants. The Burulls' complaint asserted a number of related claims; their central contention was that the defendants had collectively engaged in a course of conduct designed to defraud the Burulls of their interest in USSS. The Burulls and Adamses reached a settlement on the first day of trial. After about 35 days of trial, the case went to the jury on claims against the Bank and Arthur Young for violations of § 10 of the Securities Exchange Act of 1934 and Rule 10b–5, common-law fraud, negligence, and commercial unreasonableness in the foreclosure sale. The District Court refused to submit instructions requested by the Burulls concerning a claim against the Bank for breach of a duty of good faith and fair dealing. The jury returned a special verdict finding for the defendants on all counts, and on July 28, 1986, the District Court entered judgment in favor of the defendants.

The only issue raised by the Burulls on appeal is whether the District Court erred in refusing to submit the claim against the Bank for breach of a duty of good faith to the jury. The Burulls argue that this claim was tried by express or implied consent, and therefore, under Fed.R.Civ.P. 15(b), should have been treated as though raised in the pleadings.

However, the Burulls have failed to direct the court reporter to provide this Court with a copy of the transcript of the District Court proceedings. Fed.R.App.P. 10(b) makes clear that it is the duty of the appealing party to see that a copy of the transcript or an appropriate substitute is included in the record on appeal. *Brattrud v. Town of Exline*, 628 F.2d 1098, 1099 (8th Cir.1980). The District Court, ruling upon a post-trial motion by the Bank, recognized that the Burulls bore this responsibility and directed them to provide a trial transcript for this appeal, Civ. No. 3–83–1564 (D.Minn. January 8, 1987), slip op. 15–16. The Burulls have not complied with this order.

Without a transcript, this Court can conduct no meaningful review of the issue raised by the Burulls. Whether the Burulls' claim was tried by consent, or whether the record even contains sufficient evidence supporting such a claim to justify its submission to a jury, are questions that can

---

1. The Hon. Paul A. Magnuson, United States District Judge for the District of Minnesota.

2. The District Court, ruling on motions for fees and sanctions at the close of the litigation below, found that Mr. Burull and his attorney knowingly made false statements in this petition concerning their authority to act for USSS in filing for bankruptcy. Civ. No. 3–83–1564 (D.Minn. January 8, 1987), slip op. 3–4.

be answered only through review of the transcript. See *McDonough Marine Service, Inc. v. M/V Royal Street,* 608 F.2d 203, 204 (5th Cir.1979) (per curiam); see also *Brattrud,* 628 F.2d at 1099; *Carter v. Jacobsen,* 748 F.2d 487, 488–89 (8th Cir. 1984). Accordingly, we dismiss the appeal pursuant to Eighth Circuit Rule 13 for failure to comply with the Federal Rules of Appellate Procedure. See *Brattrud,* 628 F.2d at 1099.[3]

It is so ordered.

---

**3.** The Court has considered the objection of counsel for appellants to the no-argument set-

ting of this case, and the objection is overruled.