John B. **MERONEY,** Appellant,

v.

**DELTA INTERNATIONAL MACHINERY CORPORATION,** Appellee.

No. 93–1002.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1994.

Decided March 18, 1994.

---

J.C. Hambrick, Kansas City, MO, argued, for appellant.

R. Christopher Abele, Kansas City, MO, argued, for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In early 1991, John Meroney was injured while using a table saw. Later that year, he sued Delta International Machinery Corporation, the manufacturer of the saw, in federal court, asserting diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Mr. Meroney alleged negligent design, negligent failure to warn, strict liability, and breach of warranty. Trial took place in October, 1992. The trial court dismissed the failure-to-warn and breach of warranty claims on Delta's motion for directed verdict; the jury found for Delta on the other claims submitted to it.

Mr. Meroney appealed to this court in late 1992, challenging the trial court's restriction on his evidence and argument with respect to the defendant's alleged alteration of evidence, the exclusion from evidence of two other saws that allegedly were assembled in the same way as the saw at issue, the directed verdict on his failure-to-warn claim, and the giving of an additional instruction during jury deliberations after the jury sent a question to the trial court demonstrating confusion about what part of the saw was alleged to be defective.

While the appeal was pending, Delta moved to dismiss the appeal because of Mr. Meroney's failure to submit a trial transcript. In response, counsel for Mr. Meroney cited the fact that Mr. Meroney had been granted *in forma pauperis* status for the appeal in March, 1993, yet this court had denied his request for appointed counsel and a tran-

script prepared at government expense. This court took Delta's motion to dismiss and Mr. Meroney's response under advisement for consideration with the appeal itself. We grant Delta's motion in part and dismiss Mr. Meroney's appeal.

## I.

Under the federal rules governing appeals, it is the duty of the appellant to order a transcript of the portions of the trial relevant to the issues raised on appeal. *See* Fed. R.App.P. 10(b)(1), Fed.R.App.P. 10(b)(2), and 8th Cir.R. 30A(b)(5). Upon motion by Delta, *see* Fed.R.App.P. 10(b)(3), the trial court[1] found that Mr. Meroney had not designated all of the relevant portions of the trial and ordered him to obtain "a complete transcript." Mr. Meroney never did so. While that failure does not deprive this court of jurisdiction, it does provide grounds for our dismissing the appeal. *See* Fed.R.App.P. 3(a), 8th Cir.R. 3C.

Without a trial transcript, we are unable to review in any meaningful way the issues raised by Mr. Meroney. We therefore dismiss the appeal. *See, e.g., Schmid v. United Brotherhood of Carpenters and Joiners*, 827 F.2d 384, 386 (8th Cir.1987) (*per curiam*), *cert. denied*, 484 U.S. 1071, 108 S.Ct. 1041, 98 L.Ed.2d 1004 (1988); *Burull v. First National Bank*, 817 F.2d 56, 57–58 (8th Cir.1987), *cert. denied*, 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988); *Carter v. Jacobsen*, 748 F.2d 487, 488–89 (8th Cir.1984) (*per curiam*); and *Brattrud v. Town of Exline*, 628 F.2d 1098, 1099 (8th Cir.1980) (*per curiam*). *See also* 16 C. Wright, A. Miller, E. Cooper, and E. Gressman, *Federal Practice and Procedure: Jurisdiction* § 3956 at 632 (1993 supp.).

## II.

For the reasons stated, we grant Delta's motion to dismiss in part and dismiss Mr. Meroney's appeal. We deny Delta's motion

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

to the extent that Delta asks for fees and costs.