48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Curtis HENDERSON, Plaintiff-Appellant,
v.
Lieutenant Rick RUBIN, et al. Defendants-Appellees.
 No. 92-3887.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided March 2, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Curtis Henderson brought this Sec. 1983 action against several officers of the Illinois Department of Corrections alleging that they used excessive force against him during an incident at the Dixon Correctional Center, where he was incarcerated, in violation of the Eighth Amendment. While Henderson was being transferred to a different cell, a fight broke out between him and the defendants, and Henderson sustained serious injuries.[1] The case went to trial, and a six-person jury found in favor of the defendants. At trial, Henderson was represented by a court-appointed attorney. Appealing pro se, he argues that his attorney provided him with ineffective assistance. We affirm.
 
 I. Failure to Provide Trial Transcript
 
 2
 Both the district court and this court declined to provide Henderson, an indigent, with a copy of the trial transcript at government expense. See 28 U.S.C. Sec. 753(f). The government argues that we should dismiss the appeal because Henderson failed to provide a copy of the relevant portions of the transcript, without which meaningful review is impossible. See Fed.R.App.P. 10(b); Casualty Indemnity Exchange v. Village of Crete, 731 F.2d 457, 460 (7th Cir.1984). At least two circuits have held that a court of appeals may properly dismiss an appeal for failing to provide a transcript, even if the appellant is an indigent who was denied a copy of the transcript at government expense. Meroney v. Delta International Machinery Corp., 18 F.3d 1436, 1437 (8th Cir.1994); Richardson v. Henry, 902 F.2d 414, 416 (5th Cir.1990), cert. denied 498 U.S. 901, 111 S.Ct. 260 (1990), and cert. denied, 498 U.S. 1069, 111 S.Ct. 789 (1991). Failure to provide a transcript does not, however, divest us of jurisdiction, see Fed.R.App.P. 3(a), and we prefer not to dismiss on this ground where, as here, an indigent appellant has made a good faith effort to obtain a transcript at government expense. Cf. Johnie Mae Mitchell v. Osair, Inc., 772 F.2d 907, (6th Cir.1985) (unpublished order).[2]
 
 II. Ineffective Assistance of Counsel
 
 3
 Henderson claims that his attorney provided ineffective assistance by, among other things, failing to introduce important evidence, failing to adequately impeach defense witnesses, and presenting evidence prejudicial to his case. Even if a review of the transcript would substantiate these allegations, however, Henderson is not entitled to relief. In a civil case, an indigent litigant has no right to the appointment of counsel unless "if he loses, he may be deprived of his physical liberty." Lassiter v. Department of Social Services, Durham County, North Carolina, 452 U.S. 18, 27, 101 S.Ct. 2153, 2159 (1981). Henderson's claims for damages and the expungement of certain allegedly false reports from his file, see R. 31, Plaintiff's Trial Brief at 5-6, do not implicate his physical liberty. As Henderson had no right to the appointment of counsel in this cause, he may not claim a right to effective assistance of counsel. Wolfolk v. Rivera, 729 F.2d 1114, 1119-20 (7th Cir.1984); see also Lewis v. Lane, 816 F.2d 1165, 1169 n. 7 (7th Cir.1987); Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991). Thus, the judgment of the district court is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The injuries included a large abrasion on his penis
 
 
 [2]
 Also, as a review of the transcript in this case is unnecessary (see Part II, infra ), we need not dismiss the appeal. Cf. Wilson v. Electro Marine Systems, Inc., 915 F.2d 1110, 1117-18 (7th Cir.1990) (where transcript is not provided but briefs "are mostly in agreement on the evidence presented but differ about the law, we will proceed with our analysis")