99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Alexander B. MALEC, Plaintiff-Appellant,
v.
THE CARBORUNDUM COMPANY, Defendant-Appellee.
 No. 95-7368.
 United States Court of Appeals, Second Circuit.
 Dec. 13, 1995.
 
 1
 Appeal from the United States District Court for the Western District of New York (Foschio, M.J.).
 
 
 2
 FOR APPELLANT: Alexander B. Malec, pro se and in forma pauperis.
 
 
 3
 FOR APPELLEE: James R. Donathen, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY.
 
 
 4
 W.D.N.Y.
 
 
 5
 DISMISSED.
 
 
 6
 Present: McLAUGHLIN, LEVAL, Circuit Judges, and PARKER, District Judge.*
 
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was submitted by appellant, pro se and in forma pauperis, and by counsel for appellee.
 
 
 8
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the appeal be and it hereby is DISMISSED with prejudice.
 
 
 9
 The Carborundum Company terminated Alexander Malec, a temporary employee, allegedly as part of a company-wide effort to reduce operating expenses. Malec, pro se and in forma pauperis, filed suit against Carborundum in the United States District Court for the Western District of New York (Arcara, J.), alleging willful and non-willful age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Malec moved for appointment of counsel, and the district court granted the motion. With the consent of the parties, Judge Arcara assigned the case to Magistrate Judge Foschio.
 
 
 10
 Malec then filed an amended complaint to further allege age discrimination in violation of the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq. Thereafter, Malec voluntarily dismissed the ADEA claim based on non-willful discrimination, and the court denied Carborundum's motion to partially dismiss the NYHRL claim. After a trial, the jury returned a verdict in favor of Carborundum. The district court thereafter relieved Malec's counsel. Malec appeals, pro se and in forma pauperis, arguing that the jury verdict should be reversed because: (1) he was denied effective assistance of counsel; and (2) the verdict was against the weight of the evidence, Carborundum's witnesses were not credible, and certain evidence not presented at trial mandates reversal.
 
 
 11
 1. Malec asserts that he was denied effective assistance of counsel. There is no right to effective assistance of counsel in a civil case where the litigant's physical liberty is not at stake. Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985); Wolfolk v. Rivera, 729 F.2d 1114, 1119-20 (7th Cir.1984). This is so even if counsel is court-appointed. Nicholson, 767 F.2d at 1427. Thus, we find this claim meritless.
 
 
 12
 2. Malec also argues that the jury verdict was against the weight of the evidence, Carborundum's witnesses were not credible, and certain evidence not presented at trial mandates that the jury verdict be reversed. Malec did not provide this Court with a transcript of the trial proceedings, as required by Fed. R.App. P. 10(b)(2). Failure to comply with Rule 10(b) is "unquestionably grounds for dismissing an appeal." Stookey v. Teller Training Distribs., Inc., 9 F.3d 631, 635 (7th Cir.1993), cert. denied, 115 S.Ct. 122 (1994); see also Meroney v. Delta Int'l Mach. Corp., 18 F.3d 1436, 1437 (8th Cir.1994); Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991); Fed. R.App. P. 3(a); 2d Cir. R. 3(a). If meaningful appellate review is still possible, however, dismissal is not mandatory. See Stookey, 9 F.3d at 635; Savard v. Marine Contracting Inc., 471 F.2d 536, 543 (2d Cir.1972), cert. denied, 412 U.S. 943 (1973).
 
 
 13
 Without a trial transcript, we are unable to review the claims raised by Malec in any meaningful way. We therefore dismiss the appeal.
 
 
 14
 The appeal is DISMISSED with prejudice.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation