82 F.3d 421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jerri WALDEN-LEADY; Joseph Leady, Appellants,
v.
Bill ARMONTROUT; Arthur W. Dearixon; Cranston Mitchell;
Dick D. Moore; C. Anderson; G. Dodson; T. Holtzclaw; D.
Cabanna; R. Kennedy; Marie Clark; Donald Wyrick, Warden;
G. Winger; D. Perkins; Don McBride; D. Mawstas, Appellees.
 No. 95-2293.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 5, 1996.
Decided April 22, 1996.
 
 Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Leadys appeal from the judgment entered by the district court[1] following a jury verdict. We affirm.
 
 
 2
 Most of the issues the Leadys raise on appeal cannot be reviewed because they relate to alleged trial error, and the Leadys have not provided a trial transcript. See Fed. R.App. P. 10(b); Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 386 (8th Cir.1987) (per curiam), cert. denied, 484 U.S. 1071 (1988); Carter v. Jacobsen, 748 F.2d 487, 488 (8th Cir.1984) (per curiam).
 
 
 3
 As to the reviewable issues, the Leadys first object to the form of the district court's order denying their motion for a new trial, arguing that the court failed to make adequate findings of fact and conclusions of law in rejecting each of their grounds for relief, and that the order is confusing because it is misnumbered. These arguments are meritless. The court gave specific reasons for rejecting each of eleven grounds for relief. Cf. Champeau v. Fruehauf Corp., 814 F.2d 1271, 1274 (8th Cir.1987) (Fed.R.Civ.P. 59(a) does not require court to specify reasons for ruling, but good practice to do so). We have reviewed the record, and conclude the district court did not err in summarily rejecting the Leadys' remaining grounds.
 
 
 4
 Second, the Leadys argue the magistrate judge[2] erred when, prior to trial, he denied their motion for separate trials. See Fed.R.Civ.P. 42(b). The magistrate judge did not abuse his discretion, however, because the Leadys brought their claims in the same complaint and prosecuted them together; their claims arose from a common set of facts regarding an alleged conspiracy by defendants that targeted both plaintiffs; and their claims were not clearly separable. See O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-02 (8th Cir.1990).
 
 
 5
 Third, the Leadys complain about the representation provided by their retained attorney, but relief is not available in this appeal. See Watson v. Moss, 619 F.2d 775, 776 (8th Cir.1980) (per curiam) ("party with privately retained counsel does not have any right to a new trial in a civil suit because of inadequate counsel, but has as its remedy a suit against the attorney for malpractice").
 
 
 6
 We deny the Leadys' motions to strike and for oral argument. The judgment is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri
 
 
 [2]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri