No. 95-2362EM

Keith E. Brown, also known as        *
Keith Brown;                         *
                                     *
        Plaintiff-Appellant,         *
                                     *
Andre Evans, also known as           *
Andre Evans-Bey,                     *
                                     *
        Plaintiff,                   *
                                     *
    v.                               *
                                     *   Appeal from the United States
Paul K. Delo, Supt; Norma            *   District Court for the Eastern
Lavran, Captain; Lonnie Salts,       *   District of Missouri.
Lieutenant; Phillip Nixon,           *
Sargeant; James McGinley,            *   [UNPUBLISHED]
Sargeant; David McPeak, COI;         *
Joseph Holloway, COI; Donald         *
Beauchamp, COI; Lloyd Hodges,        *
COI; Earnest Jarvis, COI;            *
William Kitchell, COI; William       *
Major, COII; Unknown Davis,          *
COI; Greg Wilson; Fred Treece;       *
Charles W. Harris, CSII; Karen       *
Festenmaker; L. Rosenberg; Don       *
Roper, Asst. Supt.,                  *
                                     *
        Defendants-Appellees.        *
                          ———————————

                    Submitted:  June 7, 1996

                     Filed:  June 14, 1996
                          ———————————

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                          ———————————


PER CURIAM.


        On appeal, Keith E. Brown, a Missouri inmate, challenges the amended
judgment awarding nominal damages following a zero-damage jury award
against two of the defendants in Brown's 42 U.S.C.

§ 1983 excessive force action. Brown also contends the district court improperly denied Brown's motion for new trial on the issue of damages. Because this appeal involves the straightforward application of settled principles of law, an extended discussion is not warranted. We are unable to review the nominal damage award because Brown failed to provide a complete transcript on appeal. Brattrud v. Town of Exline, 628 F.2d 1098, 1099 (8th Cir. 1980) (per curiam). Contrary to Brown's view, a finding of Eighth Amendment liability does not require an award of actual or punitive damages. See Smith v. Wade, 461 U.S. 30, 52 (1983); Cummings v. Malone, 995 F.2d 817, 822-23 (8th Cir. 1993). Also, the district court's submission of a defective nominal damage instruction (stating the jury "may" rather than "must" award nominal damages) does not constitute plain error. See Warren v. Fanning, 950 F.2d 1370, 1374 (8th Cir. 1991), cert. denied, 506 U.S. 836 (1992). Finally, the district court did not commit error in requiring Brown to pay costs under Rule 68 of the Federal Rules of Civil Procedure. See O'Brien v. City of Greers Ferry, 873 F.2d 1115, 1120 (8th Cir. 1989). We thus affirm the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.