89 F.3d 840
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Keith E. BROWN, also known as Keith Brown; Plaintiff-Appellant,
Andre EVANS, also known as Andre Evans-Bey, Plaintiff,
v.
Paul K. DELO, Supt; Norma Lavran, Captain; Lonnie Salts,
Lieutenant; Phillip Nixon, Sargeant; James McGinley,
Sargeant; David McPeak, COI; Joseph Holloway, COI; Donald
Beauchamp, COI; Lloyd Hodges, COI; Earnest Jarvis, COI;
William Kitchell, COI; William Major, COII; Unknown Davis,
COI; Greg Wilson; Fred Treece; Charles W. Harris, CSII;
Karen Festenmaker; L. Rosenberg; Don Roper, Asst. Supt.,
Defendants-Appellees.
 No. 95-2362EM.
 United States Court of Appeals, Eighth Circuit.
 Submitted: June 7, 1996.
June 14, 1996.
 
 Before FAGG, BOWMAN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 On appeal, Keith E. Brown, a Missouri inmate, challenges the amended judgment awarding nominal damages following a zero-damage jury award against two of the defendants in Brown's 42 U.S.C. § 1983 excessive force action. Brown also contends the district court improperly denied Brown's motion for new trial on the issue of damages. Because this appeal involves the straightforward application of settled principles of law, an extended discussion is not warranted. We are unable to review the nominal damage award because Brown failed to provide a complete transcript on appeal. Brattrud v. Town of Exline, 628 F.2d 1098, 1099 (8th Cir.1980) (per curiam). Contrary to Brown's view, a finding of Eighth Amendment liability does not require an award of actual or punitive damages. See Smith v. Wade, 461 U.S. 30, 52 (1983); Cummings v. Malone, 995 F.2d 817, 822-23 (8th Cir.1993). Also, the district court's submission of a defective nominal damage instruction (stating the jury "may" rather than "must" award nominal damages) does not constitute plain error. See Warren v. Fanning, 950 F.2d 1370, 1374 (8th Cir.1991), cert. denied, 506 U.S. 836 (1992). Finally, the district court did not commit error in requiring Brown to pay costs under Rule 68 of the Federal Rules of Civil Procedure. See O'Brien v. City of Greers Ferry, 873 F.2d 1115, 1120 (8th Cir.1989). We thus affirm the district court. See 8th Cir. R. 47B.