# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

—————

No. 96-1156

—————

Willie B. Johnson,                        *
                                          *
        Appellant,                        *
                                          *
    v.                                    *
                                          *  Appeal from the United States
Ernest J. Owen, Industries                *  District Court for the
Supervisor, Missouri Training             *  Eastern District of Missouri.
Center for Men; Roy D. Hopkins,           *
Industries Supervisor, Missouri  *             [UNPUBLISHED]
Training Center for Men; Jimmie  *
M. Jones; Dick D. Moore,                  *
                                          *
        Appellees.                        *


—————

Submitted:  March 25, 1997

Filed:  April 7, 1997

—————

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

—————

PER CURIAM.


Willie B. Johnson, a Missouri inmate, appeals the district court's judgment for defendants following a bench trial in his 42 U.S.C. § 1983 action. Johnson challenges the district court's substantive conclusions, and argues the court violated his due process rights by issuing its judgment five and one-half years after the bench trial.


Because Johnson did not provide a transcript and did not request one at government expense, we cannot review the district court's factual findings. See Fed. R. App. P. 10(b)(2); Meroney v.

<u>Delta Int'l Mach. Corp.</u>, 18 F.3d 1436, 1437 (8th Cir. 1994).  Accepting those findings as correct, we conclude no error of law appears.  As to Johnson's timeliness claim, although the delay was considerable, Johnson has failed to show the delay prejudiced him or undermined the reliability of the magistrate judge's findings.  <u>See</u> <u>Petrilli v. Dreschel</u>, 94 F.3d 325, 328-29 (7th Cir. 1996) (thirty-seven month delay not inherently prejudicial; absent prejudice court will not order new trial); <u>Keller v. United States</u>, 38 F.3d 16, 21 (1st Cir. 1994) (eight-year delay did not demonstrate district court had not performed decision-making responsibility with care; "appellate attention [must] remain focused on ensuring that trial court findings, despite inordinate decision-making delay, [are not]squandered unless their reliability has been undermined").  We thus affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.