# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 95-4262

_____

Roosevelt Watson, Jr.,                    *
                                          *
          Appellant,                      *
                                          * Appeal from the United States
     v.                                   * District Court for the
                                          * Eastern District of Arkansas.
Alcoa Aluminum,                           *
                                          *      [UNPUBLISHED]
          Appellee.                       *


_____

Submitted:  March 21, 1997

Filed:  April 7, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

     Roosevelt Watson, Jr., appeals from the district court's[1] entry of judgment as a matter of law to defendant following a bench trial in his employment discrimination action.  Because Watson has not provided a transcript of the trial proceedings, we cannot review the district court's factual findings.  See Fed. R. App. P. 10(b); Meroney v. Delta Int'l Mach. Corp., 18 F.3d 1436, 1437 (8th Cir. 1994); Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1071 (1988).  Accepting the district court's factual findings as true,

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

we agree that judgment for Alcoa was proper.  See Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir. 1994) (plaintiff may demonstrate discrimination by showing proffered reason is pretextual or discriminatory motive is more likely; summary judgment properly granted where black plaintiff failed to present sufficient evidence to support claim that proffered reason was pretextual because similarly situated white employee had previously been less severely disciplined).

To the extent Watson complains of counsel's performance below, we note that a civil litigant has no constitutional right to effective assistance of counsel.  See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.