# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3260

_____

| | | |
|---|---|---|
| Paul Cooper, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Arkansas Highway & Transportation | * | Western District of Arkansas. |
| Department, | * | |
| | * | [UNPUBLISHED] |
| Appellee, | * | |
| | * | |
| B.J. McAlister; Jerry Williams; | * | |
| Glen Chavers, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: April 20, 2011
Filed: April 26, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Paul Cooper appeals following entry of judgment by the District Court[1] upon an adverse jury verdict in this employment-discrimination action. After careful

_____

[1] The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

review, see Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (noting that a district court's decision to grant a motion to dismiss is reviewed de novo); Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003) (noting that a grant of summary judgment is reviewed de novo), we affirm.

Specifically, we agree with the court that several claims were not administratively exhausted because they did not grow out of, and were not reasonably related to, the allegations contained in Cooper's charge of discrimination. See Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir.), cert. denied, 549 U.S. 954 (2006). Cooper's purported amendment to his charge was unsigned and bore no evidence that it was ever filed with the Equal Employment Opportunity Commission.

As to the retaliation claim, the court properly elected to apply a burden-shifting analysis because Cooper failed to present direct evidence of retaliation. See Smith v. Fairview Ridges Hosp., 625 F.3d 1076, 1087 (8th Cir. 2010), petition for cert. filed, — U.S.L.W. —, (U.S. Mar. 14, 2011) (No. 10-9547). Further, summary judgment was proper. The evidence shows a nondiscriminatory reason for Cooper's termination—fighting in the workplace in violation of department policy—and he failed to create a trialworthy issue that this reason was pretextual and the true motivation was to retaliate against him for litigation he had initiated some four years earlier. See Twymon v. Wells Fargo & Co., 462 F.3d 925, 935 (8th Cir. 2006). Finally, we are unable to review Cooper's challenge to the jury's verdict or the composition of the jury itself because he failed to order a trial transcript. See Meroney v. Delta Int'l Mach. Corp., 18 F.3d 1436, 1437 (8th Cir. 1994).

Accordingly, we affirm the judgment of the District Court.
_____