# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3643

_____

Timothy Salisbury,                 *
                                        *

         Plaintiff – Appellant,       *

                                        *    Appeal from the United States

     v.                                *    District Court for the

                                        *    District of Minnesota.

Itasca County, Deputy Rob Johnson,   *

and Deputy A.J. Morse,           *    [UNPUBLISHED]

                                        *

        Defendants – Appellees.    *

_____

Submitted: October 18, 2011
Filed:  November 25, 2011

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Timothy Salisbury filed a civil lawsuit against Itasca County Deputies Rob Johnson and A.J. Morse, claiming they used excessive force when they arrested him in connection with a domestic violence call.  The district court[1] granted in part the officer's motion in limine to exclude testimony from Salsibury's expert, and thereby prohibited the expert from concluding the police used unreasonable or excessive force against Salisbury during the arrest.  After a four day trial, the jury found in favor of

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

the officers. Salisbury now appeals the district court's order granting in part the motion in limine, claiming the court erred (1) procedurally, by accepting the officer's motion after the court-set deadline for filing dispositive motions, and (2) substantively, by abusing its discretion when it granted the motion on the merits.

"We review the district court's evidentiary rulings for abuse of discretion, and we may not reverse unless the district court erred and the error affected the substantial rights of the appellant." Green v. City of St. Louis, Mo., 507 F.3d 662, 669 (8th Cir. 2007) (citing Archer Daniels Midland Co.v. Aon Risk Servs., Inc., 356 F.3d 850, 857 (8th Cir. 2004)). "To warrant reversal, an error must affect a substantial right of the objecting party, and the burden of showing prejudice rests on that party." Vasquez v. Colores, 648 F.3d 648, 652 (8th Cir. 2011) (quoting Gill v. Maciejewski, 546 F.3d 557, 562 (8th Cir. 2008)).

Salisbury has failed to meet his required burden. By failing to provide us with a trial transcript to review, he failed to show how the district court's alleged error affected his substantial rights. Under Federal Rule of Appellate Procedure 10(b)(1), "it is the duty of the appellant to order a transcript of the portions of the trial relevant to the issues raised on appeal." Meroney v. Delta Int'l Mach. Corp., 18 F.3d 1436, 1437 (8th Cir. 1994); see also Brattrud v. Town of Exline, 628 F.2d 1098, 1099 (8th Cir. 1980) (per curiam). Without a trial transcript, it is impossible for us to provide meaningful review of the district court's decision to exclude certain evidence or testimony. See, e.g., Schmid v. United Bhd. of Carpenters & Joiners of Am., 827 F.2d 384, 386 (8th Cir. 1987) (per curiam) (affirming district court's evidentiary rulings because appellant failed to provide a trial transcript); Carter v. Jacobsen, 748 F.2d 487, 488-89 (8th Cir. 1984) (per curiam) (same).

Accordingly, we affirm the judgment of the district court.

_____