# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 16-1612

———————————————

Valerie A. Walker

*Plaintiff - Appellant*

v.

Arkansas Department of Correction; Wendy Kelley, Director; Toni Bradley, Warden; Dexter Payne, Warden

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

————————

Submitted: October 5, 2016
Filed: October 11, 2016
[Unpublished]

————————

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

Valerie A. Walker appeals following an adverse jury verdict in her employment-discrimination and retaliation action. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court construes Walker's pro se appeal as challenging the district court's[1] rulings dismissing several of her claims. *See Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014) (appellate court construes pro se complaint liberally); *Greer v. St. Louis Reg'l Med. Ctr.*, 258 F.3d 843, 846 (8th Cir. 2001) (notice of appeal that specifies final judgment is understood to raise for review all previous rulings). Walker's ADA discrimination claims were barred by sovereign immunity. *See Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (Title I of ADA, which prohibits workplace disability discrimination, does not abrogate sovereign immunity). Walker sought reinstatement, but did not provide sufficient evidence indicating that she was perceived as disabled under the ADA. *See* 42 U.S.C. § 12102(2) (disability is, inter alia, being regarded as having physical impairment that substantially limits one or more major life activities); *Kozisek v. County of Seward, Neb.*, 539 F.3d 930, 935 (8th Cir. 2008) (employer regards employee as disabled when it mistakenly believes employee's physical ailments substantially limit his ability to work); *Kincaid v. City of Omaha*, 378 F.3d 799, 804 (8th Cir. 2004) (to establish prima facie claim of disability discrimination, plaintiff must show he is disabled within meaning of ADA). Walker's claims under the Arkansas Civil Rights Act (ACRA) and 42 U.S.C. § 1981 are barred by sovereign immunity because none of the defendants were sued in their individual capacities. *See* Ark. Code Ann. § 16-123-104 (ACRA does not waive sovereign immunity); *Baker v. Chisom*, 501 F.3d 920, 923, 925 (8th Cir. 2007) (if complaint is silent as to capacity in which plaintiff is suing defendant, court will interpret complaint as asserting only official-capacity claims; official-capacity suits are treated as suits against official entity); *Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005) (holding that state entities possess Eleventh Amendment immunity from § 1981 claims); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (unless sovereign immunity is waived by state, suits against state and its board of corrections are barred by Eleventh Amendment, regardless of relief sought).

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

This court is unable to address Walker's ADA retaliation claim and Title VII discrimination and retaliation claims, which proceeded to a jury trial because Walker has not provided a transcript, and will not address the claims she raises for the first time on appeal. *See* Fed. R. App. P. 10(b)(2) (if appellant argues that finding is contrary to evidence, appellant must include in record transcript of all relevant evidence); *Meroney v. Delta Int'l Mach. Corp.,* 18 F.3d 1436, 1437 (8th Cir. 1994) (lack of transcript prevented meaningful review of issues raised by appellant); *Juarez v. Minnesota*, 217 F.3d 1014, 1017 (8th Cir. 2000) (court of appeals will not entertain arguments raised for first time on appeal).

The judgment is affirmed.

_____