**Robert SCHMID, Appellant,**

v.

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, and Patrick J. Campbell, General President, United Brotherhood of Carpenters and Joiners of America Local No. 606, and Stanley L. Bronczyk, Business Representative, Appellees.**

No. 85–5134.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 28, 1985.

Decided Sept. 26, 1985.

Robert Schmid, pro se.

Erwin A. Peterson, St. Paul, Minn., for appellees.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

Robert Schmid appeals the District Court's dismissal for lack of subject-matter jurisdiction of his complaint against the

---

United Brotherhood of Carpenters and Joiners of America, Local 606, and Stanley L. Bronczyk, business representative (the Union). For reversal, Schmid alleges, *inter alia,* that his complaint stated a cause of action under § 101(a)(5) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 411(a)(5) (1982). For the reasons outlined below, we reverse and remand.

Schmid was a member of Carpenters Local Union 1609 at Hibbing, Minnesota, and became a member of Carpenters Local Union 606 when the two locals merged. At the meetings of Local 606, Schmid often raised allegations of impropriety against the former officers of Local 1609. The members of Local 606 then voted not to allow discussion of the business of Local 1609 during their meetings. When Schmid continued to make allegations against the former officers of Local 1609, he was fined $1.00, and, on a later occasion, $6.00. Schmid tendered two checks in the respective amounts to the Union but demanded that the checks be held until his appeals of the fines were completely decided.

The Union subsequently notified Schmid that his instructions not to cash these checks were contrary to the Union's Constitution and By-Laws. When Schmid refused to release the checks, the Union terminated his membership without serving him with written specific charges and without a hearing. The General President and the General Executive Board of the Union sustained the termination of Schmid's membership in the Union. Thereafter, the Union's General Secretary denied Schmid's appeal to the Union's next General Convention.

On April 5, 1984, Schmid filed his pro se complaint against the Union in the District Court, alleging that his termination from Union membership violated "the Constitution and Laws of defendant's Union and Federal law." For relief Schmid sought general and punitive damages. The Union filed a motion to dismiss on the ground that Schmid's complaint alleged that the Union had committed an unfair labor practice, which could only be adjudicated by the National Labor Relations Board.[1] As such, the Union contended, the action was preempted, and the District Court lacked subject-matter jurisdiction.

The District Court held a hearing on the motion to dismiss, during which Schmid asserted his right to sue the Union for reinstatement in the Union, loss of employment, and money damages under, *inter alia,* 29 U.S.C. § 411. Schmid also quoted Section 411(a)(5) which provides:

[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

However, the District Court ruled in the Union's favor and dismissed the action on the grounds of preemption. This appeal followed.

Schmid continues to assert his right to sue the Union and specifically alleges that his membership was terminated without notice of the specific charges against him and without a hearing. The Union reasserts its position that the claim falls within the exclusive jurisdiction of the National Labor Relations Board. The Union further submits that Schmid did not present his claim as arising under 29 U.S.C. § 411 to the District Court. Accordingly, the Union contends that this court should not address this issue because it was not presented to the District Court. We disagree.

■ Pro se complaints are to be liberally construed and not dismissed unless the plaintiff presents no set of facts under

---

**1.** Claims involving activities which are arguably subject to Sections 7 or 8 of the National Labor Relations Act, 29 U.S.C. §§ 157, 158 (1982), fall within the exclusive jurisdiction of the National Labor Relations Board. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959).

which relief might be granted. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Although Schmid listed no statutes to support federal-question jurisdiction in his complaint, at the hearing before the District Court he specifically referred to the Landrum-Griffin Act (the popular title of the LMRDA) and even quoted the provisions of 29 U.S.C. § 411(a)(5). Because Schmid cited and quoted the appropriate provision of the LMRDA, we believe that Schmid sufficiently raised his claim under 29 U.S.C. § 411.

We further conclude that the cause of action is not preempted. Title 29 U.S.C. § 412 provides:

> [a]ny person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

The Supreme Court has held that Congress clearly intended that actions for damages under 29 U.S.C. § 411(a)(5) be heard in the federal district courts, not by the NLRB. *International Brotherhood of Boilermakers v. Hardeman*, 401 U.S. 233, 239, 91 S.Ct. 609, 613, 28 L.Ed.2d 609 (1971). Because Schmid alleged that he was disciplined by the Union without the procedural protections specifically required by 29 U.S.C. § 411(a)(5), we conclude that he stated a claim under the LMRDA which was not preempted by the NLRA.[2] The District Court therefore improperly dismissed his claim for lack of subject-matter jurisdiction. Accordingly, we reverse and remand for further proceedings.

---

2. We note that the District of Columbia Circuit has concluded that this additional remedy in federal court under the LMRDA remains available even after a union member has successfully litigated before the NLRB an unfair-labor-practice charge based on the same factual pattern as the LMRDA claim. *Quinn v. DiGiulian*, 739 F.2d 637, 642–45 (D.C.Cir.1984).