827 F.2d 384
 126 L.R.R.M. (BNA) 2944, 107 Lab.Cas. P 10,150
 Robert SCHMID, Appellant,
v.
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA and
Patrick J. Campbell, General President, United Brotherhood
of Carpenters and Joiners of America Local No. 606 and
Stanley L. Bronczyk, Business Representative, Appellees.
 No. 87-5083.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 6, 1987.
Decided Aug. 31, 1987.
Rehearing and Rehearing En Banc Denied Oct. 12, 1987.
 
 Brief of appellant was not filed.
 Erwin A. Peterson, St. Paul, Minn., for appellees.
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Schmid appeals pro se from a final judgment entered in the District Court[1] for the District of Minnesota upon a special jury verdict in this action alleging violations of Schmid's labor union membership rights. The crux of Schmid's arguments for reversal are the following: (1) the district judge's comments and rulings during the course of the proceedings indicated that he was biased, thereby prejudicing Schmid's right to a fair trial; (2) the district court erred in excluding certain documentary evidence and in admitting certain testimony; (3) the jury verdict in favor of the union on the wrongful expulsion claim was against the weight of the evidence; (4) the district court erred in its instruction to the jury on punitive damages; and (5) it was inconsistent for the jury to find a malicious violation and not to award punitive damages. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Schmid originally filed this action on April 5, 1984, alleging he had been wrongfully expelled from the United Brotherhood of Carpenters & Joiners of America (the union). On March 29, 1985, the district court dismissed Schmid's complaint for lack of subject matter jurisdiction. On September 26, 1985, this court held that Schmid sufficiently raised his claim under Sec. 101(a)(5) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. Sec. 411(a)(5) (1982), and reversed and remanded the case for further proceedings. Schmid v. United Brotherhood of Carpenters, 773 F.2d 993 (8th Cir.1985). On December 15, 1986, following a five-day trial, the jury returned a special verdict finding that: (1) Schmid was not improperly terminated from the union; (2) although the union improperly interfered with some of Schmid's rights to attend union meetings and participate in union activities, Schmid did not sustain any damages; and (3) although the union maliciously, wantonly or oppressively interfered with Schmid's rights, he was not entitled to any punitive damages. Judgment was first entered on December 16, 1986, in favor of the union and against Schmid. An amended judgment was entered on December 18, 1986, in favor of Schmid on his claims that the union had interfered with his membership rights, but without awarding compensatory or punitive damages.[2]
 
 
 3
 On December 29, 1986, Schmid filed a motion for a new trial. On January 20, 1987, the district court entered an order denying the motion without explanation. On February 10, 1987, Schmid filed his notice of appeal.
 
 
 4
 This appeal is being considered on the original file of the district court in lieu of the designated record required by 8th Cir.R. 7. Although the record on appeal contains a copy of the special verdict form and jury instructions given, Schmid did not order a transcript of the trial proceedings as required by Fed.R.App.P. 10(b). In the absence of a transcript, this court cannot rule on the first three issues Schmid raises. See Carter v. Jacobsen, 748 F.2d 487, 488 (8th Cir.1984) (per curiam) (claim that district court erred in admission of evidence not preserved for review where transcript was not included in record); Brattrud v. Town of Exline, 628 F.2d 1098, 1099 (8th Cir.1980) (per curiam) (same). "It is important, if not essential, to the reviewing court that an appellant under Rule 10, Fed.R.App.P., bring before this court all parts of the proceedings below necessary for a determination of the validity of any claimed error." Ries v. Lynskey, 452 F.2d 172, 178 (7th Cir.1971). On the basis of the record before the court, it is impossible to determine the accuracy and context of the judge's comments allegedly indicating bias, evaluate the challenged evidentiary rulings, or rule on the weight of the evidence.
 
 
 5
 Schmid also claims that a new trial is warranted because the jury's failure to award him punitive damages is inconsistent with its finding that the union had maliciously, wantonly, or oppressively interfered with Schmid's union rights. Schmid does not challenge the jury's failure to award compensatory damages.
 
 
 6
 Although not specifically authorized or precluded under the LMRDA,[3] punitive damages may be awarded in an action for interference with an individual's membership rights where a union or its officials maliciously violate a plaintiff's rights. See Vandeventer v. Local Union No. 513, International Union of Operating Engineers, 579 F.2d 1373, (8th Cir.) (Vandeventer ), cert. denied, 439 U.S. 984, 99 S.Ct. 576, 58 L.Ed.2d 656 (1978); see also Quinn v. DiGiulian, 739 F.2d 637, 651 (D.C.Cir.1984) (punitive damages should only be imposed in the most egregious cases; where conduct was malicious--motivated by ill will or a purpose to harm the plaintiff's interest); Bise v. IBEW, 618 F.2d 1299, 1305 (9th Cir.1979) (punitive damages proper where plaintiff can establish malice or reckless or wanton indifference to his rights), cert. denied, 449 U.S. 904, 101 S.Ct. 279, 66 L.Ed.2d 136, (1980); Morrissey v. National Maritime Union, 544 F.2d 19, 25 (2d Cir.1976); International Brotherhood of Boilermakers v. Braswell, 388 F.2d 193, 200 (5th Cir.), cert. denied, 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 854 (1968). But see McCraw v. United Ass'n of Journeymen of the Plumbing & Pipe Fitting Industry, 341 F.2d 705, 710 (6th Cir.1965) (affirming without discussion district court holding that only compensatory damages available); Burris v. International Brotherhood of Teamsters, 224 F.Supp. 277, 280 (W.D.N.C.1963) (punitive damages not recoverable for violation of LMRDA). Because the decision whether to award punitive damages lies within the discretion of the jury, Vandeventer, 579 F.2d at 1380, Schmid's argument that the jury was required to award him punitive damages after finding malicious interference is without merit.
 
 
 7
 Schmid's final contention is that the jury instruction on punitive damages was not clear and coherent. A review of this instruction shows that this claim is frivolous.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Robert G. Renner, United States District Judge for the District of Minnesota
 
 
 [2]
 A jury verdict was also returned in favor of a union representative named as co-defendant. The judgment does not reflect this verdict; Schmid does not challenge it on appeal
 
 
 [3]
 29 U.S.C. Sec. 412 provides in part: "Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."