_____

No. 95-2308
_____


United States of America,          *
                                   *
                  Appellee,        *
                                   * Appeal from the United States
     v.                            * District Court for the
                                   * Eastern District of Missouri
Larry Bentley, also known          *
as Tiger,                          *
                                   *
                  Appellant.       *

                         _____

          Submitted:  April 8, 1996

            Filed:  April 25, 1996
                         _____

Before McMILLIAN, BOWMAN and MURPHY, Circuit Judges.
                         _____


McMILLIAN, Circuit Judge.


     Larry Bentley appeals from a final judgment entered in the District
Court[1] for the Eastern District of Missouri, following a guilty plea,
finding him guilty of attempting to possess with intent to distribute more
than 5 kilos of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846.  For
reversal, Bentley argues double jeopardy bars the criminal prosecution
because a prior administrative forfeiture was based on the same conduct
charged in the indictment.  For the reasons discussed below, we affirm the
judgment of the district court.

_____

     [1]The Honorable Jean C. Hamilton, Chief Judge, United States
District Court for the Eastern District of Missouri.

According to a stipulation of facts, in May 1994, Bentley and Tommy Bibbs arranged to buy more than 5 kilos of cocaine for more than $108,000 from an individual who, unbeknownst to them, was cooperating with the government. Defendant and Bibbs arranged to meet the seller in a hotel room. They met and exchanged the money for a duffel bag of what they believed was cocaine. The transaction was videotaped. Bibbs and the seller left the hotel room and were arrested. When a police officer confronted Bentley in the hotel, Bentley dropped the duffel bag and fled.

By letter dated July 8, 1994, the government notified Bentley that administrative forfeiture proceedings under 21 U.S.C. §§ 881(a)(6) had been initiated against the seized money. Bentley did not file a claim in the administrative forfeiture proceeding by the date specified in the notice (August 22, 1994), and the money was forfeited.

On October 26, 1994, a federal grand jury returned a one-count indictment charging Bentley with attempting to possess with intent to distribute more than 5 kilos of cocaine in violation of 21 U.S.C. § 841(a)(1), 846, on the basis of the same conduct involved in the administrative forfeiture proceeding. Bentley plead guilty, and in May 1995 the district court sentenced him to 120 months imprisonment (mandatory minimum), 5 years supervised release, a $1,000 fine, and a $50 special assessment. This timely appeal followed.

For reversal, Bentley argues, for the first time on appeal, that double jeopardy bars the criminal prosecution because the prior administrative forfeiture of the $108,000 was based on the same conduct charged in the indictment. Bentley argues the administrative forfeiture constituted "punishment" for purposes of the double jeopardy clause and thus the subsequent criminal sentence constitutes "multiple punishment" in violation of the double jeopardy clause.

We do not consider the merits of Bentley's double jeopardy argument[2] because he waived this issue by failing to raise it in the district court. E.g., Tramp v. United States, 978 F.2d 1055, 1056 (8th Cir. 1992) (per curiam). Accordingly, we affirm the judgment of the district court. Our affirmance is without prejudice to any subsequent 28 U.S.C. § 2255 petition. Bentley's motion to delete an alias from the indictment is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The government argues on the merits that there can be no double jeopardy where there is no "former" jeopardy and that Bentley was not subject to "former" jeopardy in the administrative forfeiture proceeding because he did not contest the forfeiture by filing a claim. See, e.g., United States v. Denogean, No. 95-2138, 1996 WL 137786, at *3 (10th Cir. Mar. 26, 1996) (failure to judicially contest civil forfeiture action is fatal to double jeopardy challenge to subsequent criminal proceeding); United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.) (because criminal defendant who failed to file a claim in administrative forfeiture proceeding was not a party and thus not at risk in that proceeding, no jeopardy attached for purposes of double jeopardy analysis), cert. denied, 115 S. Ct. 669 (1994).