# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2979MN

_____

| | | |
|---|---|---|
| Gerry C. DuBose, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | On Appeal from the United |
| John D. Kelly, individually and as an | * | States District Court |
| agent of Hanft, Fride, O'Brien, Harries, | * | for the District of |
| Swelbar & Burns, P.A.; Jennifer L. | * | Minnesota. |
| Carey, formerly known as Jennifer L. | * | |
| Cook, individually and as an agent of | * | [Not To Be Published] |
| Hanft, Fride, O'Brien, Harries, Swelbar | * | |
| & Burns, P.A.; Hanft, Fride, O'Brien, | * | |
| Harries, Swelbar & Burns, P.A., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 1, 2001

Filed: June 12, 2001

_____

Before BOWMAN, RICHARD S. ARNOLD, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Gerry C. DuBose appeals various unfavorable rulings following a jury trial on
his 42 U.S.C. § 1983 claims against attorneys John Kelly and Jennifer Carey and their

law firm.  For reversal, DuBose challenges the District Court's[1] denial of his motion for a change of venue, the exclusion of certain evidence, the grant of judgment as a matter of law in favor of Carey, and the entry of judgment upon the jury verdict in favor of Kelly and the firm.  The District Court granted DuBose's request for limited portions of the transcript at government expense.

Without a complete trial transcript, however, we cannot review the District Court's evidentiary rulings, the grant of judgment, or the sufficiency of the evidence supporting the jury's verdict.  See Fed. R. App. P. 10(b)(2) (discussing appellant's duty to order transcript); Schmid v. United Bhd. of Carpenters and Joiners, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam) (appellant's failure to provide complete transcript makes it impossible to review evidence presented at trial), cert. denied, 484 U.S. 1071 (1988); see also  DuBose v. Kelly, 187 F.3d 999, 1003-04 (8th Cir. 1999) (noting that whether Dubose's evidence--i.e., his eyewitness account of ex parte contact and alleged agreement that malpractice trial would end in verdict for defendant--was to be believed was matter for jury).  In addition, assuming DuBose renewed his change-of-venue motion during voir dire, the absence of a transcript of the jury-selection process makes it impossible to review the necessity of a change of venue.  See United States v. Faul, 748 F.2d 1204, 1212 (8th Cir. 1984) (holding appellate court has duty to examine independently voir dire testimony to determine whether impartial jury was selected, thus obviating necessity for change of venue), cert. denied, 472 U.S. 1027 (1985).

Accordingly, we affirm.

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

-2-

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.