UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CHERYL BADGETT,
            *Plaintiff-Appellant,*

and

RODNEY BADGETT,
                        *Plaintiff,*

v.

FEDERAL EXPRESS CORPORATION,
            *Defendant-Appellee,*

and

MICHAEL JONES; THOMAS HUNT;
GERALD TOPLEY; MICHAEL SALADINO;
GREGORY J. TAYLOR; SCOTT BUNKER,
                        *Defendants.*

No. 02-1505

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CA-00-1053-1)

Submitted: January 16, 2003

Decided: January 24, 2003

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Cheryl Badgett, Appellant Pro Se. John James Doyle, Jr., Jill Stricklin Cox, CONSTANGY, BROOKS & SMITH, L.L.C., Winston-Salem, North Carolina; Mary Jane Palmer, FEDERAL EXPRESS CORPORATION, Memphis, Tennessee, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Cheryl Badgett appeals from the district court's orders granting partial summary judgment in favor of Federal Express Corporation (FedEx) in this employment discrimination action and, following a trial, FedEx's motion for judgment as a matter of law on the remaining claim. As to the district court's order accepting the recommendation of the magistrate judge and granting partial summary judgment in favor of FedEx, Badgett failed to object to the magistrate judge's recommendation. The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have, as here, been warned that failure to object will waive appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140 (1985). We therefore affirm the district court's grant of partial summary judgment.

As to Badgett's appeal of the district court's grant of FedEx's motion for judgment as a matter of law, we note the record does not contain a trial transcript. Badgett has raised a number of claims on appeal, all but two of which require a trial transcript in order for this court to afford meaningful review. The first claim relates to the district court's grant of partial summary judgment, which claim has been waived, as set forth above. The second claim which is not dependent

upon a trial transcript for meaningful review is Badgett's challenge to the district court's denial of her motion for a trial transcript at government expense. The record reveals the district court carefully reviewed Badgett's financial affidavits and other records reflecting her employment and resource status before denying the motion, and we find no abuse of discretion in that denial.

Badgett's failure to produce a transcript or to qualify for the production of a transcript at government expense, as required by Fed. R. App. P. 10(b), and 4th Cir. R. 10(c), precludes meaningful review of her remaining claims on appeal. *Woods v. Thieret*, 5 F.3d 244, 245-46 (7th Cir. 1993); *Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979 (10th Cir. 1992). Her pro se status does not excuse her failure to file a transcript. *See generally Schmid v. United Bhd. of Carpenters*, 827 F.2d 384, 386 (8th Cir. 1987). As no error appears on the record before us, we affirm in its entirety the district court's order granting the motion for judgment as a matter of law.

Accordingly, we affirm both district court orders on appeal. We deny FedEx's motion to dismiss this appeal based upon Badgett's failure to file a trial transcript. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*