# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 10-6031

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Virginia T. Moretto, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| State of Minnesota, | * | |
| | * | Appeal from the United States |
| Plaintiff - Appellee, | * | Bankruptcy Court for the District of |
| | * | Minnesota |
| v. | * | |
| | * | |
| Virginia T. Moretto, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 29, 2010
Filed: December 9, 2010

_____

Before VENTERS, SALADINO, AND NAIL, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

The Debtor, Virginia T. Moretto, appeals the bankruptcy court's order granting the State of Minnesota's motion for summary judgment on its complaint against Moretto to determine the dischargeability of a stipulated restitution judgment debt that Moretto owes to the State. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b).

For the reasons set forth below, the order of the bankruptcy court is affirmed.[1]

## STANDARD OF REVIEW

Findings of fact are reviewed for clear error, and legal conclusions are reviewed de novo.[2]

## BACKGROUND

As a preliminary matter, the Court will address the three motions Moretto filed to supplement the record on appeal. It is well settled that "documents presented for the first time at the appellate stage of any proceeding are generally not considered part of the record for the review by the appellate court."[3] "[O]nly those papers and exhibits filed in the [trial] court can constitute the record on appeal."[4] There is an exception to the general rule proscribing the consideration of documents presented for the first time on appeal, when the interests of justice demand it,[5] but "this authority to enlarge a record is rarely exercised. . . ."[6]

Here, Moretto offers no explanation why the documents with which she seeks to supplement the record were never presented to the bankruptcy court. Moreover, to

---

[1] The Honorable Dennis D. O'Brien, United States Bankruptcy Court for the District of Minnesota.

[2] *See In re Waterman*, 248 B.R. 567, 570 (B.A.P. 8th Cir. 2000).

[3] *Hartford Fire Ins. Co. v. Norwest Bank* (*In re Lockwood Corp.*), 223 B.R. 170, 174 (B.A.P. 8th Cir. 1998) (*citing Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1175 (8th Cir. 1989).

[4] *Huelsman*, 873 F.2d at 1175.

[5] *See Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir.1993).

[6] *Id.* at 63.

the extent the Court has been able to decipher the voluminous documents submitted, none is relevant to the narrow issue on appeal, *i.e.*, whether the restitution judgment to which Moretto stipulated in state court constitutes a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A). Therefore, Moretto's motions to supplement the record on appeal will be denied.

Turning to the record before us, the Court has gleaned the facts set out below from the pleadings filed in the bankruptcy court in conjunction with the State's motion for summary judgment.[7]

The debt at issue has its origins in an amended complaint filed by the State against Moretto on October 15, 2004, in the Minnesota District Court for Dakota County, alleging a host of violations of the Minnesota Consumer Fraud Act.[8] The State alleged, *inter alia*, that Moretto engaged in deceptive practices; made misleading statements, misrepresentations and false promises; committed forgery; fraudulently notarized documents; and used fraudulent documents to obtain mortgages.

On December 8, 2004, Moretto, aided by counsel, entered into a "Stipulation to and Order for Restitution and Injunctive Relief," wherein Moretto agreed, among other things, to pay restitution in an amount to be determined by a Special Master. The Stipulation stated that it was a full and final resolution of the pending civil case.

---

[7] The bankruptcy court granted the State's motion without elaboration, and Moretto did not submit a transcript of the hearing on the motion for summary judgment, so the factual details are somewhat limited. Although the bankruptcy court's docket does not indicate when the hearing on the State's motion was held, the State asserts in its Brief that a hearing was held on May 12, 2010. Appellant has not asserted that a hearing was not held. Appellee Br. at 6.

[8] *See* Minn. Stat. §§ 325F.67, 325D.44, and 325F.69 subd. 1.

On December 14, 2005, the Special Master issued detailed findings of fact and conclusions of law and recommended that judgment be entered against Moretto for restitution in the amount of $590,084.06. On December 23, 2005, the state court adopted the Special Master's findings of fact and conclusions of law and entered judgment in that amount.

Thereafter, Moretto filed a motion in the state court for amended findings of fact and conclusions of law, or in the alternative, for a new trial or a finding that the Special Master's findings were clearly erroneous. The state court denied Moretto's motion on June 6, 2006; nonetheless, it entered an amended judgment on July 17, 2006, lowering the restitution judgment to $564,084.06. Notably, the amended judgment included a "memorandum" wherein the state court found that the parties had a sufficient opportunity to present arguments to the Special Master and that the Special Master's findings were not clearly erroneous. The state court specifically adopted the Special Master's finding that "but for" the actions of the defendant the home owners would not have been stripped of their equity in their homes. There is nothing in the record to indicate that the July 17, 2006 amended judgment against Moretto was appealed.

As of July 24, 2009, the date Moretto filed her Chapter 7 bankruptcy petition, she had not made any payments on the restitution judgment. On October 22, 2009, the State initiated the underlying adversary proceeding to determine the dischargeability of the restitution judgment. The bankruptcy court entered summary judgment in favor of the State on May 17, 2010, and Moretto timely appealed.

## DISCUSSION

The bankruptcy court's decision can be affirmed on two grounds, either of which is singularly sufficient to uphold the judgment. First, Moretto's failure to provide a transcript of the bankruptcy court's hearing on motion precludes review of

4

the bankruptcy court's order granting the State's motion for summary judgment.[9] As the party asserting error in the bankruptcy court's decision, the onus was on Moretto to provide the record of that error, or at the least argue that the existing record is insufficient to support the bankruptcy court's decision. Moretto has done neither.

Second, we affirm based on the limited record before us. Despite the prolixity and apparent complexity of her pleadings, Moretto essentially raises only two arguments: 1) that she was not properly served with the State's complaint, and 2) that the restitution judgment is not valid. Neither of these arguments has merit.

Moretto's claim that service of the complaint was improper is contradicted by the bankruptcy court's docket, which shows that she was properly served with the complaint. Fed. R. Bank. P. 7004(a)(1) (incorporating Fed. R. Civ. P. 4(m)) provides that a summons and complaint must be served within 120 days after the complaint is filed or the case will be dismissed, and Fed. R. Bank. P. 7004(e) requires that a summons be served within ten days of its issuance. The State acknowledges that its first attempt to serve Moretto was inadequate, but its second attempt was in full compliance with the applicable rules. The complaint was filed on October 22, 2009, the second summons was issued 41 days later, on December 1, 2009, and the complaint and summons were served on Moretto on December 2, 2009.[10]

---

[9] *See Carter v. Jacobsen*, 748 F.2d 487, 488-89 (8th Cir. 1984) (declining to review district court's alleged error in admission of evidence where appellant failed to include transcript in record); *Brattrud v. Town of Exline*, 628 F.2d 1098, 1099 (8th Cir. 1980) (per curiam) (same). *See also Schmid v. United Brotherhood of Carpenters and Joiners of America, et. al.*, 827 F.2d 384 (8th Cir. 1987) ("It is important, if not essential, to the reviewing court that an appellant...bring before this court all parts of the proceedings below necessary for a determination of the validity of any claimed error."(*quoting Ries v. Lynskey*, 452 F.2d 172, 178 (7th Cir. 1971)).

[10] Fed. R. Bank. P. 7004(e) was amended effective December 1, 2009, to extend the time for service of the summons to 14 days after issuance. We need not

The remainder of Moretto's arguments constitutes an impermissible collateral attack upon a valid state court judgment entitled to preclusive effect in federal court.[11]

Under 28 U.S.C. § 1738, a state court judgment is entitled to the same preclusive effect in federal court as it is in the courts of the rendering state. In Minnesota, a party is estopped from re-litigating a specific issue adjudicated in a judgment where: (1) the issue is identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the party seeking reconsideration of the issue was a party or in privity with a party to the prior adjudication; and (4) that party was given a full and fair opportunity to be heard on the adjudicated issue.[12] And a party is barred from re-litigating any claims that could have been litigated in an earlier action where: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter."[13]

Moretto has not argued that these preclusive doctrines do not apply; her attacks are directed at the substance of the state court judgment. And we find that the record supports the application of these doctrines to the July 17, 2006 amended judgment against her. Application of these doctrines insulates the judgment from Moretto's

---

decide whether the 10-day rule or the 14-day rule applied; in either instance, service on Moretto was timely.

[11] Moretto argues, *inter alia*, that the State abused its power in the prior proceedings, that more consideration should have been given to her allegedly serious medical conditions, and that the state court and Special Master simply got it wrong.

[12] *See Nelson v. American Family Ins. Group*, 651 N.W.2d 499, 511 (Minn. 2002).

[13] *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).

collateral attack and supports the bankruptcy court's determination that the restitution award ordered in the judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## CONCLUSION

For the reasons stated above, the bankruptcy court's order granting the State of Minnesota's motion for summary judgment is hereby affirmed.

———————————