# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 10-6087

_____

In re:                                          *
                                                *
Robert A. Brown,                                *
                                                *
         Debtor.                                *
                                                *
Robert A. Brown,                                *
                                                * Appeal from the United States
         Debtor – Appellant,                    * Bankruptcy Court for the District of
                                                * North Dakota
              v.                                *
                                                *
Bank of North Dakota,                           *
                                                *
         Creditor – Appellee,                   *
                                                *
Wayne Drewes,                                   *
                                                *
         Trustee – Appellee.                    *

_____

Submitted: March 15, 2011
Filed: April 5, 2011

_____

Before FEDERMAN, VENTERS, AND NAIL, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

The Debtor, Robert A. Brown, appeals three bankruptcy court[1] orders: (1) the order denying confirmation of the Debtor's Second Amended Chapter 13 Plan, (2) the order granting creditor Bank of North Dakota's motion for relief from the automatic stay, and (3) the order granting the Chapter 13 trustee's motion to dismiss the Debtor's bankruptcy case based on his failure to make his Chapter 13 Plan payments. We affirm all of these orders.

## STANDARD OF REVIEW

Findings of fact are reviewed for clear error, and legal conclusions are reviewed de novo.[2]

## BACKGROUND

The following facts have been gleaned from the pleadings filed in the Debtor's bankruptcy case. No further record is available due to the Debtor's failure to provide us with a transcript of the confirmation hearing and the fact that the orders granting Bank of North Dakota relief from the stay and dismissing the case were unopposed by the Debtor and, consequently, were entered without a hearing.

The Debtor filed a Chapter 13 bankruptcy petition on June 18, 2010. He filed three Chapter 13 plans: one on July 21, 2010, an amended plan on August 16, 2010, and a second amended plan on September 20, 2010. Bank of North Dakota, a creditor holding an allegedly fully secured claim in excess of $35,752.00, objected to the Debtor's plan, arguing, *inter alia*, that the amended plan failed to adequately provide for the payment of the bank's claim and that the plan was not feasible.

---

[1] The Honorable William A. Hill, Chief Bankruptcy Judge for the District of North Dakota.

[2] *See In re Waterman*, 248 B.R. 567, 570 (B.A.P. 8th Cir. 2000).

The bankruptcy court held a hearing on Bank of North Dakota's objection on September 28, 2010. The Debtor appeared at the hearing and (presumably) had an opportunity to argue and present evidence in support of his Chapter 13 plan. The bankruptcy court orally denied confirmation of the Debtor's plan. That same day, the bankruptcy court entered an order memorializing its ruling. The written order does not provide the basis for the court's ruling, and, as noted, no transcript of this hearing has been provided.

Shortly thereafter, Bank of North Dakota filed a motion for relief from the automatic stay and the Chapter 13 trustee, Wayne Drewes ("Trustee"), filed a motion to dismiss the Debtor's case "for failure to make plan payments."[3] The record indicates that the Debtor was served with the motions and notices that no hearing would be held unless an objection was filed. The notice of motion attached to the Bank of North Dakota's motion for relief specifically stated that an order granting the motion would be entered without further notice in the absence of an objection. The Debtor did not respond to either motion. Consequently, the Court granted both motions without a hearing.

The Debtor timely appealed these orders.

---

[3] The motion to dismiss was docketed with the description that it was for a failure to make plan payments, but the brief text of the motion stated only that "[t]he debtor has indicated that he will not be filing an amended plan nor seeking confirmation." Trustee's Motion to Dismiss, p.1 (Bankruptcy Court Doc. No. 30).

## DISCUSSION

Without delving into the substance of the Debtor's appeal,[4] we affirm the bankruptcy court's orders based on well-established principles of appellate jurisprudence. The bankruptcy court's order denying confirmation of the Debtor's Second Amended Chapter 13 Plan cannot be reviewed because the Debtor failed to provide an adequate record of that decision.[5] And we will not consider any challenge to the orders granting Bank of North Dakota's motion for relief and the Trustee's motion to dismiss the case because the Debtor failed to object to those motions in the bankruptcy court. A party that fails to object to a motion cannot seek review of an adverse decision on that motion on appeal.[6]

Therefore, for the reasons stated above, the bankruptcy court's orders denying confirmation of the Debtor's Second Amended Chapter 13 Plan, granting

---

[4] Even under a generous reading of the Debtor's *pro se* briefs, we are hard pressed to find any arguments pertaining to an alleged error committed by the bankruptcy court, other than a groundless contention that the bank, a secured creditor, lacked standing to object to the Debtor's plan. The Debtor's arguments are directed more at various alleged misdeeds committed by the bank.

[5] *See In re Webb*, 212 B.R. 320, 321 n.1 (B.A.P. 8th Cir. 1997) ("The Panel does not have before it a transcript of the proceedings below. Inasmuch as it is the appellant's burden to demonstrate the merits of her appeal, she must bear the burden of the deficient record.") (citations omitted). *See also Schmid v. United Brotherhood of Carpenters and Joiners of America, et. al.*, 827 F.2d 384 (8th Cir. 1987) ("It is important, if not essential, to the reviewing court that an appellant under Rule 10, Fed. R. App. P., bring before this court all parts of the proceedings below necessary for a determination of the validity of any claimed error." (quoting *Ries v. Lynskey*, 452 F.2d 172, 178 (7th Cir.1971)).

[6] *See United States v. Bentley*, 82 F.3d 222, 223 (8th Cir. 1996) (arguments not raised at trial are deemed waived on appeal); *Keene Corp. v. Int'l Fid. Ins.*, Co., 736 F.2d 388, 393 (7th Cir. 1984) ("It is axiomatic that arguments not raised below are waived on appeal.").

Creditor Bank of North Dakota's motion for relief from the automatic stay, and granting the Chapter 13 Trustee's motion to dismiss are hereby affirmed.

———————————