# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 16-6011

_____

In re: John F. Huonder; Tonnie Jo Huonder

*Debtors*

------------------------------

John F. Huonder; Tonnie Jo Huonder

*Plaintiffs - Appellants*

v.

Champion Milking Systems, LLC

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - St. Paul

_____

Submitted: August 12, 2016
Filed: September 29, 2016

_____

Before SCHERMER, NAIL, and SHODEEN, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Debtors John F. Huonder and Tonnie Jo Huonder appeal the February 25, 2016 judgment of the bankruptcy court[1] sanctioning Champion Milking Systems, LLC ("Champion") for violating the discharge injunction. We affirm.

## BACKGROUND

Debtors commenced an adversary proceeding against Champion, seeking compensatory damages, general damages, punitive damages, and attorney fees for Champion's alleged violations of the discharge injunction.[2] After hearing the matter, the bankruptcy court entered two orders.

The first order awarded Debtors general damages of $1,000.00 for Champion's violation of the discharge injunction and directed Debtors to file an itemized statement of their attorney fees and costs. The second order, entered after Debtors had complied with the first order, awarded Debtors attorney fees of $1,500.00 for Champion's violation of the discharge injunction and directed the entry of judgment in Debtors' favor for both the general damages awarded in the first order and the attorney fees awarded in the second order. The bankruptcy court did not award Debtors compensatory damages or punitive damages.

The bankruptcy clerk entered judgment in Debtors' favor as directed by the bankruptcy court. Debtors timely appealed.

---

[1]The Honorable Gregory F. Kishel, who has since retired but was then Chief Judge, United States Bankruptcy Court for the District of Minnesota.

[2]A bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]" 11 U.S.C. § 524(a)(2).

## STANDARD OF REVIEW

We review the bankruptcy court's award of sanctions for an abuse of discretion. *Missouri Dep't of Soc. Servs. v. Spencer* (*In re Spencer*), 550 B.R. 766, 769 (B.A.P. 8th Cir. 2016).

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

## DISCUSSION

Debtors argue the bankruptcy court erred in not awarding them all the attorney fees they incurred in their adversary proceeding against Champion for its violation of the discharge injunction. Debtors also argue the bankruptcy court erred in not awarding them punitive damages for Champion's violation of the discharge injunction. Both arguments fail, for the same reason: The record on appeal affords us no basis for evaluating their merits.

Throughout their brief, Debtors make repeated references to various exhibits that were admitted at the trial and to the bankruptcy court's "oral order." The record on appeal, however, does not contain any such exhibits or a transcript of any such oral order. We have only been provided the transcript of the trial, which ends with the bankruptcy court's recessing after hearing the parties' closing arguments.

In its first order, the bankruptcy court indicated it held a continued telephonic hearing several days after the trial and "memorialized its decision on the record by reciting findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052." Presumably, this is the oral order to which Debtors refer. We have not been provided a transcript of that hearing.

We are thus unable to review the bankruptcy court's findings of fact or its conclusions of law. Consequently, we cannot say the bankruptcy court abused its discretion in reaching the decision it did. *See Bank of Nebraska v. Rose* (*In re Rose*), 483 B.R. 540, 544 (B.A.P. 8th Cir. 2012) (without a transcript, a reviewing court cannot conclude a bankruptcy court's findings of fact are clearly erroneous).

## CONCLUSION

We therefore affirm the bankruptcy court's February 25, 2016 judgment sanctioning Champion for violating the discharge injunction.

---