# United States Bankruptcy Appellate Panel

### For the Eighth Circuit

_____

No. 17-6010

_____

In re: Douglas J. Coppess, As surety for Coppess Ventures, LLC

*Debtor*

------------------------------

Zeljko Situm

*Creditor - Appellant*

v.

Douglas J. Coppess

*Debtor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - St. Paul

_____

Submitted: April 20, 2017
Filed: April 27, 2017

_____

Before SCHERMER, FEDERMAN and SHODEEN, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

Zeljko Situm (Creditor) appeals from the bankruptcy court's[1] order confirming the Chapter 13 bankruptcy plan of Douglas J. Coppess (Debtor). We have jurisdiction over this appeal from the final order of the bankruptcy court. For the reasons that follow, we affirm. *See* 28 U.S.C. § 158(b).

## BACKGROUND

The Debtor commenced his bankruptcy case by filing a petition for relief under Chapter 13 of the Bankruptcy Code. The Creditor objected to confirmation of the Debtor's Chapter 13 modified plan dated July 1, 2016 (Plan). The Debtor's Plan came before the bankruptcy court for confirmation and an evidentiary hearing was held, at which the Creditor appeared. On February 22, 2017, the bankruptcy court entered an order confirming the Plan.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *State of Minnesota v. Moretto (In re Moretto)*, 440 B.R. 534, 536 (B.A.P. 8th Cir. 2010).

## DISCUSSION

The Creditor asserts two bases for his appeal of the confirmation order. First, the Creditor argues that the Plan should not have been confirmed because the Debtor failed to provide the Creditor with his tax returns. As his second argument on appeal, the Creditor contends the confirmation was improper because the value of the Debtor's real property located on Iglehart Avenue and Hague Avenue was undervalued.

---

[1] The Honorable Katherine A. Constantine, United States Bankruptcy Judge for the District of Minnesota.

The Creditor did not provide us with a transcript of the relevant bankruptcy proceedings, specifically the confirmation hearing. The Creditor did provide to us two audio disks, one of which contained a recording of the first portion of the confirmation hearing. A short recess was called during the confirmation hearing. The first audio disk does not contain a recording of the portion of the confirmation hearing after the recess. In fact, the second audio disk contains no content.

The bankruptcy judge did not enter a written opinion setting forth her findings of fact and conclusions of law after the confirmation hearing. Rather, she entered a short order that referred to "the reasons set forth by the court on the record at the conclusion of the evidentiary hearing."

Because the bankruptcy court stated her findings of fact and conclusions of law on the record and we have no transcript of the court's statements made during the portion of the hearing during which she did so, there is no basis upon which we could say that the bankruptcy court erred. We are unable to review the bankruptcy court's order. *See Huonder v. Champion Milking Sys.,LLC (In re Huonder)*, 558 B.R. 303, 305 (B.A.P. 8th Cir. 2016) (appellate court was unable to review the bankruptcy court's findings of fact and conclusions of law because appellant did not provide a transcript of court's oral ruling); *Carlson v. U.S. Bank, N.A. (In re Carlson),* 519 B.R. 756, 757-58 (B.A.P. 8th Cir. 2014) (citing *Schmidt v. United Bhd. of Carpenters and Joiners of Am.,* 827 F.2d 384, 386 (8th Cir. 1987) ("It is important, if not essential, to the reviewing court that an appellant . . . bring before this court all parts of the proceedings below necessary for a determination of the validity of any claimed error.")), *aff'd* 600 Fed. Appx. 501 (8th Cir. 2015); *Brown v. Bank of North Dakota (In re Brown)*, 446 B.R. 270, 272 (B.A.P. 8th Cir. 2011) (order denying confirmation of plan could not be reviewed where debtor failed to provide an adequate record of the decision).

## CONCLUSION

For the reasons stated, the decision of the bankruptcy court is affirmed.

————————