Wilfred REINBOLD, Appellant,

v.

DEWEY COUNTY BANK, Appellee.

No. 91–1405.

United States Court of Appeals,
Eighth Circuit.

Submitted July 31, 1991.

Decided Aug. 27, 1991.

Wilfred Reinbold, pro se.

Brent Wilbur of Pierre, S.D., for appellee.

Before BEAM and LOKEN, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Wilfred Reinbold appeals from the district court's[1] affirmance of the bankruptcy court's[2] orders converting his chapter 12 bankruptcy petition to chapter 7 and granting Dewey County Bank's (DCB) motion for relief from the automatic stay, and from the district court's dismissal of his appeal of the bankruptcy court's order granting DCB's motion for a nondischargeable summary judgment of $467,744.60. We affirm.

## I. BACKGROUND

Reinbold filed a voluntary petition for bankruptcy under chapter 12. The bankruptcy court confirmed Reinbold's amended chapter 12 plan, a portion of which involved the substantial debt Reinbold owed DCB. The plan required Reinbold to turn over to DCB by August 1, 1988 all existing farm machinery and equipment in which DCB had a first lien or security interest. After Reinbold turned in some equipment, DCB moved to convert the case to chapter 7 under 11 U.S.C. § 1208(d), which authorizes such conversion upon a showing that the debtor committed fraud in connection with the case. DCB alleged Reinbold committed fraud by substituting farm machinery of less value for the machinery covered by DCB's security interest and by concealing assets subject to its security interest. DCB also moved for relief from the automatic stay. On January 25, 1990, the bankruptcy court held an evidentiary hearing on DCB's motions.

DCB presented evidence that, without its knowledge or consent, Reinbold sold two pieces of farm equipment that were subject to DCB's security interest to one Donald L. Peterson. The evidence also showed that Reinbold returned to DCB pieces of equipment that were older and less valuable than the items listed on the financial statements Reinbold filed with DCB. Finally, DCB submitted evidence that Reinbold continued to take depreciation credits for the listed items on his tax returns, even though he had sold them to Peterson.

Reinbold claimed that the farm equipment he sold to Peterson was not subject to DCB's security interest. He said that the equipment remained on his depreciation schedules due to an accounting error.

The bankruptcy court found Reinbold's actions "clearly evidenced fraud." *In re Reinbold*, 110 B.R. 442, 446 (Bankr. D.S.D.1990). The court found Reinbold committed fraud by transferring the equipment to Peterson without DCB's knowledge or consent and by surrendering to DCB older and less valuable machinery to substitute for the property transferred to Peterson. *Id.* at 445. The court noted that

1. The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

2. The Honorable Irvin N. Hoyt, Chief Judge, United States Bankruptcy Court for the District of South Dakota.

Reinbold had agreed in his chapter 12 plan to surrender to DCB all machinery in which DCB held a security interest, and the evidence established that DCB held security interests in the equipment transferred to Peterson. The court also indicated that it believed the sales to Peterson were sham transactions. *See id.* at 445–45. Accordingly, the court converted the case to chapter 7 and granted DCB's motion for relief from the automatic stay under 11 U.S.C. § 362(d).[3] *Id.* at 446. The district court affirmed the bankruptcy court's decision. Reinbold appeals from this decision.

While Reinbold's appeal to the district court in the initial action was pending, the bankruptcy court granted DCB's motion for summary judgment in the sum of $467,744.60. The court entered judgment on May 10, 1990 and designated it nondischargeable. It stated that all relevant issues had been previously decided in the earlier proceeding. Reinbold appealed that order on May 18. He contended that the bankruptcy court erred in stating that all issues had in fact been previously decided and specifically contended that the amount of the judgment was in error. DCB moved to dismiss the appeal, arguing that Reinbold had failed to comply with Bankruptcy Rule 8008(b).[4] The district court granted DCB's motion and denied Reinbold's motion for reconsideration. Reinbold also appeals from this denial.

■ Reinbold argues that the evidence did not support the bankruptcy court's finding of fraud or its decision to dissolve the automatic stay and that the district court erred by dismissing his appeal of the order granting DCB's motion for summary judgment. Reinbold claims that no court

has addressed his dispute regarding the amount of his indebtedness to DCB and that the evidence establishing fraud in obtaining approval of his chapter 12 plan does not support designating the debt nondischargeable.[5]

## II. DISCUSSION

■ A finding of fraud under the bankruptcy code is a factual matter subject to review under the clearly erroneous standard. We believe the bankruptcy court's finding of fraud is sufficiently supported by the evidence. The conversion of Reinbold's case from chapter 12 to chapter 7 therefore was proper.

■ The court found Reinbold committed fraud in two different ways. First, before filing his bankruptcy petition, he transferred property subject to DCB's security interest to Peterson without DCB's knowledge or consent. Second, as part of his chapter 12 plan, Reinbold agreed to return to DCB all farm equipment subject to its security interest. Rather than complying with this agreement, however, Reinbold attempted to return older, less valuable equipment. The testimony and documentary evidence submitted by DCB tracing Reinbold's equipment transactions support these findings and demonstrate that the equipment Reinbold turned over to DCB was not the equipment listed on his financial statements. The evidence also establishes that the equipment Reinbold turned in was worth substantially less than the listed equipment. The bankruptcy court apparently found Reinbold's testimony lacking in credibility. Reinbold's failure to comply with his chapter 12 plan supports

---

3. Section 362(d)(1) provides in part that the court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property."

4. Rule 8008(b) provides in part: "Copies of all papers filed by any party and not required by these rules to be served by the clerk of the district court or the clerk of the bankruptcy appellate panel shall, at or before the time of filing, be served by the party or a person acting for the party on all other parties to the appeal."

5. Reinbold also contends that converting his case from chapter 12 to chapter 7 violated the contract clause of the Constitution, that applying 11 U.S.C. § 1208(d) violated the ex post facto clause because the statute took effect after the transfers of equipment to Peterson, and that 11 U.S.C. § 1208(d) conflicts with 11 U.S.C. § 1112(c) in violation of article I, section 8, clause 4 of the Constitution, which empowers Congress to establish "uniform Laws on the subject of Bankruptcies." Having reviewed Reinbold's arguments, we find these contentions meritless.

the bankruptcy court's decision to grant DCB relief from the automatic stay for cause under 11 U.S.C. § 362(d). *See In re Wieseler*, 934 F.2d 965, 967 (8th Cir.1991) (debtor's failure to comply with stipulation provided cause for dissolving automatic stay).

Reinbold also argues that the district court erred by refusing to vacate the summary judgment it granted with respect to the nondischargeability of his debt to the bank. We are concerned by the bankruptcy court's failure to address Reinbold's contentions regarding the amount of his indebtedness to DCB and the propriety of designating the debt nondischargeable in its order granting DCB summary judgment. Similarly, because the district court dismissed Reinbold's appeal based on his untimely service of notice to DCB, the district court also did not consider Reinbold's arguments. We conclude, however, that we lack jurisdiction to consider Reinbold's appeal of these issues.

The district court dismissed Reinbold's appeal of the summary judgment order on June 25, 1990. Reinbold had thirty days in which to appeal from this ruling. *See* Fed.R.App.P. 4(a)(1); 6(b)(1). He failed to do so. Reinbold's motion for reconsideration was filed long after the appeal period had expired,[6] and would not have tolled the time for filing a notice of appeal even if it had been timely filed. *See Fox v. Brewer*,

620 F.2d 177, 179 (8th Cir.1980). We thus lack jurisdiction over Reinbold's appeal from the denial of his motion for reconsideration.[7]

### III. CONCLUSION

We affirm the order of the district court.

---

6. Although the record does not indicate when Reinbold filed his motion for reconsideration, the bankruptcy court docket shows that the file on DCB's action to determine the nondischargeability of Reinbold's debt was closed on August 15, 1990. Reinbold took no action on the district court's dismissal of his appeal before that date.

7. Reinbold's failure to preserve his right to appeal from the June 25, 1990 dismissal was a material oversight in view of the ground on which the district court dismissed his appeal from the bankruptcy court's summary judgment. DCB contends the district court correctly dismissed Reinbold's appeal of that order because Reinbold failed to serve counsel for DCB with a copy of his notice of appeal "at or before the time of filing." Bankruptcy Rule 8008(b). Thus, DCB maintains, dismissal of the appeal was proper under Rule 8001(a), which provides that an appellant's failure to take steps required by the rules governing appeals "is ground only for such action as the district court ... deems

appropriate, which may include dismissal of the appeal." Rule 8008(b), however, applies only to "papers filed by any party and not required by these rules to be served by the clerk of the district court or the clerk of the bankruptcy appellate panel." Rule 8004, however, specifically charges the clerk of the bankruptcy court with serving "notice of the filing of a notice of appeal by mailing a copy thereof to counsel of record of each party other than the appellant.... Failure to serve the notice shall not affect the validity of the appeal." Thus, Rule 8004, which deals specifically with notices of appeal, takes precedence over the more general requirements of Rule 8008(b) and relieved Reinbold of any duty to serve his notice of appeal on DCB's counsel. Reinbold filed a notice of appeal on May 18, 1990, eight days after the bankruptcy court's entry of summary judgment and within the ten days allowed by Rule 8002(a) for timely filing. The bankruptcy court's records reflect that the clerk's office mailed a time-stamped copy of the notice of appeal to counsel for DCB on May 21.