# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 12-6060

_____

In re: Zachary A. Smith

*Debtor*

------------------------------

Zachary A. Smith

*Debtor - Appellant*

v.

State of Missouri

*Respondent - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri

_____

Submitted: January 29, 2013
Filed: February 5, 2013

_____

Before KRESSEL, SALADINO and NAIL, Bankruptcy Judges.

_____

KRESSEL, Bankruptcy Judge

The debtor, Zachary A. Smith, appeals from a bankruptcy court[1] order denying his motion for contempt for violation of his discharge injunction. We affirm.

## BACKGROUND[2]

Smith is an inmate with the Missouri Department of Corrections serving a life sentence with no possibility of parole. The State of Missouri sought and on January 20, 2009 obtained a judgment against Smith under the Missouri Incarceration Reimbursement Act. Mo. Ann. Stat. §§ 217.825-217.841. Judgment was entered in favor of the State and against Smith in the amount of $87,830.13 as reimbursement to the State for Smith's incarceration costs through March 26, 2007. Judgment was also entered in favor of the State for the reimbursement of incarceration costs occurring after March 26, through Smith's final release, as evidenced by a Treasurer's Certificate of Costs. The judgment further directs the Inmate Treasurer of the Department of Corrections to promptly forward 90% of all deposits made to Smith's inmate account excluding wages and bonuses earned while incarcerated.

Smith filed his chapter 7 petition on September 14, 2010, received his discharge on March 11, 2011, and his bankruptcy case was closed on July 28, 2011.

In September of 2012, the Inmate Treasurer directed $45.00 from Smith's inmate account to the State pursuant to the MIRA judgment. On September 19, 2012,

---

[1]The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

[2]In Smith's brief, he recites some facts which are not part of the record. We base our decision on those facts that are part of the record, but note that none of the other facts cited by Smith would change the result.

Smith filed a motion for contempt for "Violating Discharge Injunction" with the bankruptcy court. A hearing was held on October 11, 2012, and the bankruptcy court announced its decision on the record denying the motion for contempt. The bankruptcy court agreed that the judgment was void with respect to all costs accrued as of the date of the bankruptcy filing, but held that the judgment is still valid as to future reimbursement costs and that the costs incurred by the State since Smith's bankruptcy petition date are not discharged debts.

On appeal, Smith argues that MIRA violates the Supremacy Clause, that his discharge prevents Missouri from attempting to collect additional monies under the MIRA judgment and, for the first time on appeal, Smith argues that the money in his inmate account was protected from "execution, levy, attachment, garnishment, or other legal process" due to its genesis from his mother's Social Security benefits.

In response, Missouri argues that it has "not violated the discharge injunction because it has only collected on post-petition debt," that the judgment was only voided by the discharge to the extent the judgment represents discharged debt, and that Smith's legal arguments fail.

## JURISDICTION

We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b).

3

**STANDARD OF REVIEW**

We review the bankruptcy court's denial of the motion for contempt "for abuse of discretion, giving plenary review to conclusions of law and reviewing factual findings for clear error." *Wright v. Nichols*, 80 F.3d 1248, 1250 (8th Cir. 1996).

**ANALYSIS**

MIRA provides that the State of Missouri can file a complaint against an offender in state custody "to reimburse the state for the expenses incurred or *to be incurred*, or both, by the state for the cost of care of the person as an offender." Mo. Ann. Stat. § 217.835.1 (emphasis added). Under the principles of *res judicata*, if the State does not initially request reimbursement for future expenses incurred in its MIRA action, it is barred from doing so. *State ex rel. Nixon v. Jones*, 189 S.W.3d 711, 719 (Mo. App. W.D. 2006); *State ex rel. Nixon v. Jones*, 108 S.W.3d 187, 192-193 (Mo. App. W.D. 2003). Missouri Law requires that the state seek a judgment for both past and future costs of incarceration if it is to seek reimbursement for future costs at all.

The Bankruptcy Code states that the discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged ..." 11 U.S.C. 524(a)(1). The State concedes that the costs of incarceration accumulated prior to Smith's September 14, 2010, bankruptcy petition have been discharged. Congruently, the State concedes the MIRA judgment is void to the extent it represents pre-petition debt. We agree with the bankruptcy court that the judgment remains valid for the costs accumulated after Smith filed his petition–the liability on this debt did not arise until after the order for

4

relief. It follows that the bankruptcy court was correct when it concluded that the State had not violated the discharge injunction. 11 U.S.C. § 727(b).

The judgment's mechanics require that future costs sought by the State be evidenced by a Treasurer's Certificate of Costs. During our review of the record, we could not find this document. However, Smith does not dispute the State's assertion that its post-petition debt is in excess of $39,000.00. Therefore, the $45.00 automatically collected from Smith's inmate account was properly forwarded to the State in partial satisfaction of the post-petition costs of incarceration for which Smith remains liable under the MIRA judgment.

Smith's additional arguments lack merit. First, the State did not ignore federal law to follow state law; there simply is no violation of the Supremacy Clause. Second, there are no facts in the record to support Smith's contention that the $45.00 came from his mother's social security benefits. Regardless, this argument was made for the first time on appeal. We decline to consider or review issues raised for the first time on appeal. *U.S. v. Winters*, 600 F.3d 963, 970 (8th Cir. 2010). Even if Smith had properly made this argument to the bankruptcy court it would still be of no avail. As we have previously stated, Social Security benefits are no longer protected when the recipient chooses to pay or give away those funds. *Carpenter v. Ries (In re Carpenter)*, 408 B.R. 244, 249 (B.A.P. 8th Cir. 2009).

The bankruptcy court's decision is not based on clearly erroneous factual determinations or erroneous legal conclusions. The bankruptcy court acted within its discretion.

## CONCLUSION

The decision of the bankruptcy court is AFFIRMED.

_____