# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6065

_____

In re: Eric James Borm; Valorie Dawn Pearson

*Debtor*s

------------------------------

CitiMortgage, Inc.

*Creditor - Appellant*

v.

Eric James Borm; Valorie Dawn Pearson

*Debtors - Appellees*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 26, 2014
Filed: April 2, 2014

_____

Before FEDERMAN, Chief Judge, SCHERMER and NAIL, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

CitiMortgage, Inc. ("the Creditor") appeals from a denial by the bankruptcy court of its motion for relief from the automatic stay in the Chapter 13 bankruptcy case of Eric James Borm and Valorie Dawn Pearson (the "Debtors"). We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). We reverse.

## ISSUE

The issue in this case is whether the bankruptcy court abused its discretion when it denied the Creditor's motion for relief from the stay.

## BACKGROUND

On May 6, 2009, the Debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). A few months later, the Debtors filed their modified Chapter 13 plan, which was confirmed in September, 2009. The Debtors are the owners of real property that is their homestead. It is undisputed that the Debtors executed a promissory note and a mortgage on the property that is held by the Creditor. With respect to the Creditor, the confirmed plan states:

> 5. CLAIMS NOT IN DEFAULT
> Payment on the following claims are current and the debtor will pay the payments that come due after the date of the petition was filed directly to the creditors. The creditors will retain liens, if any.
>
> | *Creditor* | *Description of Claim* |
> |---|---|
> | CitiMortgage | First mortgage on Homestead |

In 2013, the Creditor filed a motion for relief from the automatic stay, together with supporting documents, seeking relief pursuant to 11 U.S.C. § 362(d)(1). The Debtors did not file a written response to the motion for relief from the stay.

The court held a hearing on the Creditor's stay relief motion. Debtor Valorie Dawn Pearson appeared in person at the hearing. The court announced its ruling denying the Creditor's stay relief motion on the record at the hearing, and entered a written order following the hearing.

At the hearing, the court recognized that the Debtors were behind on their required mortgage payments in the approximate amount of $11,000. Ms. Pearson acknowledged the Debtors were behind in their payments when she stated "I have no idea how far behind [I am]. I didn't know I was $11,000 behind until I saw these papers." The Creditor represented at the hearing, as supported by the Affidavit and Local Form 4001-1filed with the motion by the Creditor, that, as of the date of the motion, the Debtors had missed fourteen of their postpetition mortgage payments (and fifteen such payments as of the date of the hearing). However, as support for its denial of the Creditor's stay relief motion, the court stated that the Debtors made nine payments for the October 1, 2012 through November 1, 2013 period, and that there was equity in the property.[1]

The court was also concerned by what it perceived to be a misrepresentation in the Creditor's motion that the Debtors made no payments for the period October 1, 2012 through November 1, 2013 when, in fact, they had made nine payments to the Creditor during that time. The Creditor had applied the nine payments to earlier postpetition months for which payment remained outstanding.[2]

---

[1]     The Creditor did not dispute the equity in the property.

[2]     We anticipate that the Creditor will modify its pleadings going forward to avoid any confusion regarding the Creditor's receipt of funds, and the application of such funds.

## STANDARD OF REVIEW

We review the bankruptcy court's decision regarding whether to grant relief from the automatic stay for an abuse of discretion. *Crossroads Ford, Inc. v. Dealer Computer Servs., Inc. (In re Crossroads Ford, Inc.)*, 449 B.R. 366, 367 (B.A.P. 8th Cir. 2011) (citation omitted). "An abuse of discretion will be found if the court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." *Id.* at 367 (citation omitted).

## DISCUSSION

Relief from the automatic stay in bankruptcy is governed by Bankruptcy Code § 362(d). Section 362(d)(1) provides that:

> [T]he court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

The undisputed facts show that cause existed to grant the Creditor's request for stay relief. The relevant facts are simple. The Debtors proposed a plan in which they agreed to make their mortgage payments to the Creditor outside of their plan. The plan was confirmed, but the Debtors repeatedly failed to make required payments. The bankruptcy court recognized that the Debtors were approximately $11,000 behind in their postpetition payments. And, Ms. Pearson acknowledged that the Debtors were behind in their payments.

The bankruptcy court abused its discretion by denying the Creditor's request for stay relief in light of the Debtors' failure to comply with their obligations under their plan (and therefore, the relevant loan documents), by being significantly behind in their payments to the Creditor. *See Reinbold v. Dewey Cnty. Bank*, 942 F.2d 1304, 1306-07 (8th Cir. 1991) (the debtor's "failure to comply with his chapter 12 plan

4

supports the bankruptcy court's decision to grant [the creditor] relief from the automatic stay for cause under 11 U.S.C. § 362(d).") (citing *Production Credit Ass'n of the Midlands v. Wieseler (In re Wieseler),* 934 F.2d 965, 967 (8th Cir. 1991)).

Rather than focusing on the Debtors' failure to make the necessary payments, the bankruptcy court looked to the fact that the Debtors made some payments during the period October 1, 2012 through November 1, 2013 (which were applied to the oldest months in which payment was due), when, according to the court, the Creditor reported that no payments had been made. The court also stated that there appeared to be equity in the property. Although the Debtors did make some payments during the time from October 1, 2012 through November 1, 2013, the Debtors only made nine payments during that time, and they did not make five payments. And, the Debtors do not contest the Creditor's representation that the Debtors missed fifteen of their required postpetition payments as of the date of the hearing. Likewise, the Debtors' equity in the property was irrelevant in light of the fact that the Debtors had missed such a significant number and amount of payments. *See Wieseler,* 934 F.2d at 968 (existence of an equity cushion did not mean a lack of cause under § 362(d)(1) where the debtor failed to honor the requirements of a stipulation by failing to make required payments).

## CONCLUSION

For the reasons stated, we reverse the decision of the bankruptcy court, and remand this matter to the bankruptcy court to enter an appropriate order granting relief from the automatic stay to the Creditor.

_____

5