# United States Bankruptcy Appellate Panel

### For the Eighth Circuit

_____

No. 14-6013

_____

In re: Stephen Wayne Carlson, I; Victoria Leah Carlson, also known as Vikki Carlson

*Debtor*s

-------------------------------

Stephen Wayne Carlson, I

*Debtor - Appellant*

v.

U.S. Bank, N.A.

*Creditor - Appellee*

_____

No. 14-6024

_____

In re: Stephen Wayne Carlson, I; Victoria Leah Carlson, also known as Vikki Carlson

*Debtor*s

-------------------------------

Stephen Wayne Carlson, I

*Debtor - Appellant*

v.

U.S. Bank, N.A.

*Creditor - Appellee*

Party Gallery Tower Condominium Association

*Interested party - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - St. Paul

_____

Submitted:  October 7, 2014
Filed:  October 17, 2014

_____

Before FEDERMAN, Chief Judge, SALADINO and SHODEEN, Bankruptcy
Judges.

_____

FEDERMAN, Chief Judge


Debtors Stephen Wayne Carlson and Victoria Leah Carlson appeal from the Bankruptcy Court's Order[1] denying their Motion for Violation of Automatic Stay, Violation of Homestead Exemption, Violation of Discharge and Creditor Misconduct.  They also appeal from the Order dismissing their case and imposing a 180-day bar for refiling.  For the reasons that follow, we AFFIRM.

The Debtors filed a *pro se* Chapter 13 bankruptcy case on January 17, 2014.  One of the reasons they filed the case was to stop a pending foreclosure of their residential unit at the Gallery Tower Condominiums.  The foreclosing lender, U.S. Bank National Association filed a Motion to Dismiss and Bar from Filing Bankruptcy for One Year, or Alternatively, Motion for Relief from Stay.  The Debtors filed a Motion for Violation of Automatic Stay, Violation of Homestead

_____

[1] The Honorable  Katherine A. Constantine, United States Bankruptcy Judge for the District of Minnesota.

Exemption, Violation of Discharge and Creditor Misconduct (the "Debtor's Violation Motion").

Following a hearing held April 17, 2014, the Court entered a one-page Order on April 18, 2014, denying the Debtors' Violation Motion "for the reasons set forth by the Court on the record" at the hearing. The Debtors timely appealed from that ruling. On May 13, 2014, following a hearing, the Court entered a one-page Order denying confirmation of the Debtor's proposed Chapter 13 Plan, again "for the reasons set forth by the Court on the record." The Debtors timely appealed that Order, but that appeal was dismissed as interlocutory. Finally, on June 18, 2014, following another hearing, the Court entered an Order of Dismissal with Refiling Bar in which the Court denied the Debtors' motion to stay pending appeal, granted U.S. Bank's motion to dismiss (which had been joined on the record by the Chapter 13 Trustee), and dismissed the case with a bar from refiling another bankruptcy case for 180 days. As before, this Order was a one-page order "[b]ased upon the file and proceedings, including the reasons, findings, conclusions and decision set forth by the court on the record in open court" at the June 17, 2014 hearing. The Debtors timely appealed this Order as well, and the appeals have been consolidated.

The Bankruptcy Court's denial of the Debtors' motion based on violation of the discharge injunction, its granting relief from the automatic stay, and its dismissal of a Chapter 13 case with limitations on refiling, are all reviewed under an abuse of discretion standard.[2] "An abuse of discretion will be found if the

_____

*In re Smith*, 488 B.R. 101 (B.A.P. 8th Cir. 2013) (citation omitted) ("We review the bankruptcy court's denial of the motion for contempt [for violation of the discharge injunction] 'for abuse of discretion, giving plenary review to conclusions of law and reviewing factual findings for clear error.'"); *In re Borm*, 508 B.R. 104, 106 (B.A.P. 8th Cir. 2014) ("We review a bankruptcy court's decision regarding whether to grant relief from the automatic stay for an abuse of discretion.") (citation omitted); *In re Marshall*, 407 B.R. 359, 361 (B.A.P. 8th Cir. 2009) ("The Bankruptcy Court has discretion to dismiss a Chapter 13 case and to impose limitations on refiling. Both decisions are reviewed under an abuse of

court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions."[3]

As stated, all three Orders being appealed were one-page Orders referring to findings and conclusions made on the record at the relative hearings. However, the Debtors have not provided us with transcripts of the hearings, as required by Federal Rules of Bankruptcy Procedure 8006 and 8009(b). Even if we were able to ascertain from the Debtors' briefs on appeal what factual errors, if any, they assert the Court committed, we are unable to review the Bankruptcy Court's Orders because the Debtors have failed to provide an adequate record of the Court's decisions.[4] Since we do not know the factual basis for the dismissal and bar to refiling, we cannot hold that such factual basis was clearly erroneous.

Further, to the extent we can consider the Debtors' legal arguments without having been provided with their factual basis, none of those legal arguments has merit. It appears that many of the Debtors' arguments are premised on the notion that the liens against their residence did not survive their previous Chapter 7 discharges. That simply is not correct: liens do survive discharge unless expressly avoided.[5] Other arguments seem to be based on Debtors' assertion that their

discretion standard.") (citations omitted).

[3] *In re Borm*, 508 B.R. at 106.

[4] *Brown v. Bank of North Dakota* (*In re Brown*), 446 B.R. 270, 271-72 (B.A.P. 8th Cir. 2011) (citing *In re Webb*, 212 B.R. 320, 321 n. 1 (B.A.P. 8th Cir. 1997) ("The Panel does not have before it a transcript of the proceedings below. Inasmuch as it is the appellant's burden to demonstrate the merits of her appeal, she must bear the burden of the deficient record.") (citations omitted); *Schmid v. United Brotherhood of Carpenters and Joiners of America, et. al*., 827 F.2d 384 (8th Cir.1987) ("It is important, if not essential, to the reviewing court that an appellant under Rule 10, Fed. R. App. P., bring before this court all parts of the proceedings below necessary for a determination of the validity of any claimed error.") (citation omitted)).

[5]

4

homestead exemption somehow trumps or wipes out the liens. Again, that is not correct.[6] Still other arguments by the Debtors seem to be based on the assertion that the mere postponing of a foreclosure sale violates the automatic stay. That is also incorrect.[7] Any other bases for reversal argued by the Debtors are similarly lacking in merit.

ACCORDINGLY, the Orders of the Bankruptcy Court are AFFIRMED.

――――――――

*Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy."); *Long v. Bullard*, 117 U.S. 617, 620-21, 6 S.Ct. 917, 918 (1886) (holding that a creditor's security was preserved notwithstanding the bankruptcy of the debtor).

[6]

*Soost v. NAH, Inc.* (*In re Soost*), 262 B.R. 68, 74 n. 4 (B.A.P. 8th Cir. 2001) ("Ordinarily, property cannot be exempted from the bankruptcy estate to the extent it is encumbered by a consensual lien or security interest. Thus, a debtor's exemptible interest is defined by his or her equity in the property.") (citation omitted).

[7]

*In re Fine*, 285 B.R. 700 (Bankr. D. Minn. 2002) (postponement of a sheriff's sale is not a continuation of any action or proceeding against the debtor; an act to obtain possession of property of the estate or property from the estate; an act to enforce a lien against property of the estate; or an act to enforce a lien against property of the debtor).