# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 20-6014

_____

In re: Jeffrey D. Brooks

*Debtor*

------------------------------

Jeffrey D. Brooks

*Debtor - Appellant*

v.

First Central Bank McCook

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Lincoln

_____

Submitted: October 23, 2020
Filed: November 25, 2020

_____

Before SCHERMER, NAIL, and DOW, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Jeffrey D. Brooks ("Debtor") appeals the May 27, 2020 order of the bankruptcy court[1] granting First Central Bank McCook ("Bank") relief from the automatic stay. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). We affirm.

## BACKGROUND

Debtor filed a petition for relief under chapter 12 of the bankruptcy code. The bankruptcy court confirmed Debtor's third amended plan[2] ("Debtor's plan"), which obligated Debtor to pay Bank $87,077.56–comprising a $50,861.18 payment on a loan guaranteed by Farm Service Agency ("the FSA-guaranteed loan") and a $36,216.38 payment on a loan not guaranteed by Farm Service Agency–on January 15, 2020.[3] Debtor paid Bank $55,000.00 but failed to pay the remaining $32,077.56 by the January 15 deadline.

Debtor's plan included the following default provisions:

> 25. In the event any payment owed to Bank is not made within ten (10) days of the date it is due, the Debtors [*sic*] shall be "in default" under the terms of this Plan. . . .

---

[1]The Honorable Thomas L. Saladino, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

[2]Three earlier iterations of Debtor's plan had not been confirmed. With certain exceptions, the proponent of a chapter 12 plan may modify his or her plan at any time either before or after confirmation. 11 U.S.C. §§ 1223 (modification of plan before confirmation) and 1229 (modification of plan after confirmation). In some jurisdictions, such modified plans are referred to as amended plans.

[3]The FSA-guaranteed loan is secured by real estate described in Debtor's plan as "[Debtor's] FSA real estate." (Bk. Doc. 206, p. 7). The other loan is secured by real estate described in Debtor's plan as "[Debtor's] Real Estate." (Bk. Doc. 206, p. 4).

26. In the event the Debtors [*sic*] are "in default" for the reasons set forth above, then Bank shall be entitled to an Order for Relief from the Automatic Stay in this case . . . without further notice or hearing upon the filing of an Affidavit with the Bankruptcy Court specifying that a default has occurred, that the Debtors [*sic*] failed to cure the default, that Bank has complied with the terms of the Plan, and that Bank is entitled to the entry of an Order for Relief without the necessity of a hearing.

(Bk. Doc. 206, p. 12).

Relying on this "drop dead" provision, Bank sought relief from the automatic stay.[4] Debtor objected, and the matter was heard. The bankruptcy court memorialized its oral ruling in a "text order" that granted Bank the requested relief. (Bk. Doc. 239). Debtor timely appealed.

## STANDARD OF REVIEW

We review the bankruptcy court's decision to grant relief from the automatic stay for an abuse of discretion. *CitiMortgage, Inc. v. Borm* (*In re Borm*), 508 B.R. 104, 106 (B.A.P. 8th Cir. 2014) (citation omitted). We likewise review the bankruptcy court's interpretation of Debtor's confirmed plan for an abuse of discretion. *JCB, Inc. v. Union Planters Bank, NA*, 539 F.3d 862, 869 (8th Cir. 2008) (citation omitted).

A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is

---

[4]For its own reasons, Bank decided to proceed by motion rather than by affidavit of default. Debtor does not challenge Bank's decision to do so.

considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

In conducting our review, we liberally construe the bankruptcy court's oral findings and conclusions. *Fonder v. U.S.*, 974 F.2d 996, 999-1000 (8th Cir. 1992) (citation omitted).

## DISCUSSION

The filing of a petition for relief under the bankruptcy code stays a variety of acts to collect or otherwise enforce a pre-petition debt. 11 U.S.C. § 362(a). This "automatic stay" may be terminated, annulled, modified, or conditioned for "cause." 11 U.S.C. § 362(d)(1). Such cause includes, but is not limited to, a lack of adequate protection of the moving party's interest in property. *Id.*; 11 U.S.C. § 102(3) ("'includes' and 'including' are not limiting").

However, while Debtor suggests otherwise, this appeal is not really about § 362. It is about Debtor's obligations under his plan and the consequences of his failure to meet those obligations.

The bankruptcy court found the default provisions set forth above to be dispositive of Bank's motion:

> [U]nder the terms of this plan, the debtor had certain obligations on January 15th, and that was to make two payments totaling 80 some thousand dollars, if I

-4-

> understand it right. The fact is, debtor did not make those payments. There is no evidence to the contrary. So, under the express terms of the plan, . . . the creditor is entitled to relief from the automatic stay.

We agree.

Debtor argues he was not in default because under a separate provision of his plan, if Farm Service Agency consented, Bank agreed to attempt to renegotiate the FSA-guaranteed loan. Since that had not happened, Debtor believes the $50,861.18 payment on that loan was not due on January 15.

The provision on which Debtor relies provides:

> a. The terms of the FSA loan on [Debtor's] FSA real estate[5] shall remain unchanged. In the event FSA will allow [Debtor] and the Bank to renegotiate that loan, then the parties agree to attempt to renegotiate the loan on terms similar to the terms for repayment of the balance of [Debtor's] debt.

(Bk. Doc. 206, p. 7).

The bankruptcy court considered and rejected Debtor's argument: "[Debtor] may have thought, well, we're going to renegotiate this thing. But when it wasn't renegotiated by January 15th, those payments became due. Period." The bankruptcy court was right to do so.

The cited provision does not place the onus on Bank to commence the negotiations between and among Debtor, Bank, and Farm Service Agency. It does

---

[5]This is the FSA-guaranteed loan. *See* n.3, *supra*.

not set either a deadline by which such negotiations were to commence or a deadline by which such negotiations were to be completed. Most importantly, it does not condition the January 15 payment on the status of those negotiations; to the contrary, it states unambiguously the terms of the FSA-guaranteed loan "shall remain unchanged." All of which is consistent with the plan's default provisions, which do not either expressly or impliedly excuse a failure to make the January 15 payment in the event the parties were unable to renegotiate the terms of the FSA-guaranteed loan by that date.

Debtor admits he agreed to make certain payments on January 15, 2020. Debtor admits he made only a portion of those payments. Consequently, Debtor was in default under his plan, and Bank was entitled to relief from the automatic stay. Under the circumstances, the bankruptcy court did not abuse its discretion in granting Bank such relief. *Cf. Borm*, 508 B.R. at 106 (bankruptcy court abused its discretion in *not* granting relief from the automatic stay where the debtors failed to comply with their obligations under their plan).

## CONCLUSION

For the reasons stated, we affirm the bankruptcy court's May 27, 2020 order granting Bank relief from the automatic stay.

———————————————